# City of Eufaula v. Speight.

*Action for Damages Against City.*

| 121 | 613 |
|-----|-----|
| 133 | 531 |
| 121 | 613 |
| 134 | 114 |
| 121 | 613 |
| 144 | 391 |
| 144 | 392 |

1. *Verdict contrary to evidence; not shown when bill of exceptions does not set out all of the evidence.*—On appeal from a judgment overruling a motion for a new trial, it cannot be said that the verdict is contrary to the evidence when the bill of exceptions does not purport to set out all the evidence.

2. *Verdict of jury; manner of reaching cannot be shown.*—A ground for new trial was in effect that the jury brought in a quotient verdict; the motion for a new trial was supported by the affidavits of the defendant's attorney and two other persons not members of the jury, in terms direct and posi-

tive, that the jury agreed that each one should write on a slip of paper what he thought the amount of the verdict should be, and that the aggregate of these amounts should be divided by twelve, and the result should be the verdict. *Held*, that the affiants could not know of their own knowledge the facts sworn to, and hence the affidavits were mere hearsay; and further that it would have been against public policy for the judge to have considered an affidavit of such purport made by members of the jury.

3. *Same.*—The fact that the verdict of the jury in a suit for damages for personal injury is for $720.80, furnishes an indication that the amount was reached by some trick of figures, but does not of itself authorize the court to conclude that a prior agreement had been made by the jury to reach agreement in such way.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. J. W. FOSTER.

Emma E. Speight sued the city of Eufaula for injuries sustained by her from a defective sidewalk. Verdict for plaintiff and motion for a new trial. The motion was overruled and from this judgment appeal is taken. The facts appear in the opinion.

P. B. McKENZIE, for appellant.

A. H. MERRILL, *contra.*

McCLELLAN, C. J.—The bill of exceptions does not purport to set out all the evidence. Hence we cannot find that the verdict was not supported by the evidence, or was contrary to the evidence. Moreover, the insistence in this connection is based on the supposed contributory negligence of the plaintiff. The defendant did not plead contributory negligence, and there was no such issue in the case.

The 5th ground of the motion for a new trial is in effect that the jury brought in a quotient verdict. In support of this there is the affidavit of defendant's attorney and two others in terms direct and positive that the jury agreed that each one of them should write down on a slip of paper the amount which he thought plaintiff was entitled to recover, that all the slips should be put in a hat together, that they should then be drawn out

and the amounts shown by them added together, and this aggregated should be divided by twelve, the number of jurors, and that the result, this quotient, should be the verdict of the jury. This affidavit does not state that it is made upon information and belief, nor does it give the sources of the affiant's knowledge. There are only three possible ways for the affiants to have come by this knowledge. It is in the first place possible, but not probable, especially in view of the fact that one of the affiants was an attorney of the court, that these affiants were in the room with the jury. In the next place, it is in like manner possible but improbable that the affiants were eaves-droppers of the jury's deliberations and discussions. And in the third place, it is highly probable that the affiants were informed by some members of the jury that the verdict was arrived at in the manner stated in the affidavit; and that upon that assurance together with such indication of the fact as the verdict itself afforded they felt justified in deposing as is set forth in the affidavit. The trial judge had a right to reach this conclusion, that the affidavit was based solely on the indication furnished by the verdict together with the statement of jurors. Indeed it may well be that he knew as a fact that the affiants were not with the jury and that they did not hear what transpired in the jury room; and whether he so knew or not, he had a right to presume in the absence of anything to the contrary that these affiants were not guilty either of intruding themselves into the jury room or of eaves-dropping the jury's deliberations. On this assumption he had nothing before him tending to show that the verdict was a quotient one except the verdict itself; and the tendency of the verdict to establish that fact was not sufficiently strong to require or even to justify his finding it to exist. That the verdict should have been for $720.80 in a case like this furnishes an indication that the amount was reached by some trick of figures, but the mode of calculation may not have been agreed on beforehand as the means of ascertaining and fixing the amount for which the verdict should be rendered, and this would, therefore, not authorize the court to conclude that such prior agreement had been made. Besides this he had only the

affidavit that a juror or some of the jurors, or, if you please, all of the jurors had informed affiants, McKenzie and others, that the verdict was reached in the way they depose. This was, in the first place, the merest hearsay, and, in the second, had it been the testimony of the jurors themselves, public policy forbade the circuit judge to consider it. So it appears to us, without reference to the affidavit of plaintiff and her husband, which indeed amount to nothing; and we feel impelled to say at the least that error in overruling the motion for a new trial is not shown.

Affirmed.