# Montgomery Street Railway Co. *v.* Mason.

*Action against Street Railway Company by Passenger to recover Damages for Personal Injuries.*

1. *Pleading and practice; when error in rulings of trial court upon the pleadings will not work reversal.*—Unless it affirmatively appears that the refusal of a trial court to strike immaterial and irrelevant averments from the complaint results in injury to the defendant, such refusal, although erroneous, does not constitute a reversible error.

2. *Same; when error in ruling upon motion to strike certain portions of the complaint without injury.*—Where, in an action to recover damages for personal injuries, the defendant moved to strike certain parts of the complaint as being immaterial averments and merely surplusage, which motion the court overruled, and after such ruling on the part of the court the plaintiff amends the complaint by striking out the part thereof to which the motion to strike was directed, no

[Montgomery Street Railway Co. v. Mason.]

injury results to the defendant in overruling the motion, and such ruling by the trial court, although erroneous, does not constitute a reversible error.

3. *Action against street railway company; sufficiency of complaint.* In an action against a street railway company by a passenger to recover damages for personal injuries, a count of the complaint which, after averring that it was the duty of the defendant to provide proper and sufficient places for the plaintiff, one of its passengers, to alight from its cars, then avers that the defendant, without regarding said duty, "failed to provide proper and sufficient place for plaintiff so to alight," and stopped its car on which plaintiff was a passenger at a point where defendant had negligently placed certain lumber and debris within a few feet of its track, by reason whereof the plaintiff, while attempting to alight from said car, at said place, stepped and fell upon said lumber and thereby received the injuries complained of, sufficiently states a cause of action and is not subject to demurrer.

4. *Same; same.*—In such a case, a count of the complaint which avers that it was the duty of the plaintiff to use proper care to have its car stopped at the usual place provided for passengers to alight at the station to which plaintiff was going, then avers that the defendant disregarding its said duty "did not stop said car at the usual stopping place where plaintiff could with safety have alighted from said car, although signalled by plaintiff in ample time to do so, but ran said car beyond said regular stopping place, a distance of about thirty feet, at a place where lumber and other obstructions were lying on the ground, and where there was no light to apprise plaintiff of the situation, and then and there stopped said car in the midst of said lumber," and plaintiff believing that said car had stopped at the usual place, attempted to alight therefrom and stepped and fell upon said lumber or other obstructions, among which the defendant had negligently and carelessly stopped said car, and thereby the plaintiff sustained the injuries complained of, states a sufficient cause of action, and is not subject to demurrer.

5. *Same; sufficiency of plea of contributory negligence.*—In an action by a passenger against a street railway company to recover damages alleged to have been sustained by him when alighting from one of the cars of the defendant, which injuries were alleged to have been sustained by reason of the defendant stepping in or upon a pile of lumber negligently placed by the defendant near its track, a plea which avers "that when the car stopped the lights from the car shone for

[Montgomery Street Railway Co. v. Mason.]

ten or twelve feet on either side of the track, and that plaintiff could have seen the alleged lumber and debris before he stepped thereon, by the exercise of ordinary and reasonable care on his part," is insufficient· as a plea of contributory negligence, in that it does not aver that the plaintiff failed to exercise ordinary and reasonable care, or that he saw the lumber.

6. *Same; same.*—In such a case, a plea which avers that the defendant "stepped from said car without knowing or inquiring of the defendant or its agent as to whether or not the situation was reasonably safe for him to alight where said car was stopped," is insufficient as a plea of contributory negligence, and is demurrable.

7. *Same; same.*—In such a case, a plea which alleged that the "plaintiff voluntarily alighted therefrom without requesting the defendant or his agent to carry him back to the regular stopping place, and without ascertaining before he alig·
from said car, that he was alighting at a safe place, is insufficient as a plea of contributory negligence and demurrable.

8. *Same; same.*—In such an action a plea seeking to set up contributory negligence on the part of the plaintiff which avers that the plaintiff boarded said car of the defendant knowing that it was being operated without any one to look after the safety of his alighting, and that he, plaintiff, "alighted from said car without first ascertaining ǀor attempting to ascertain that he was at a safe place to alight therefrom," is insufficient and subject to demurrer.

9. *Street railroad company; duty as to passenger.*—Street railway companies are under a duty ·of exercising the highest degree of diligence and care to conserve the safety of their passengers, and this duty extends to and includes the safe landing of passengers at the termination of their journey or ride; and for failure to stop ·one of its cars at a place safe for a passenger to alight, or in stopping its car at a dangerous place, a street railway company is liable for damages sustained by a passenger by reason of such failure or by reason of a passenger alighting at such dangerous place.

10. *Action against street railway company; hospital fees paid ǀby plaintiff recoverable; admissibility of evidence.*—In an action against a street railway company to recoverǁdamages resulting from personal injuries, hospital fees, including the expenses of a .ward in a hospital and a nurse, paid by the plaintiff while seeking recovery from the injuries sustained, constitute an element of recoverable damages by the plaintiff; and such items of expense incurred by the plaintiff are admissible in evidence.

[Montgomery Street Railway Co. v. Mason.]

11. *Deposition under the statute; should be suppressed when taken before only one of two named commissioners.*—Where, in a civil case, interrogatories are filed under the statute (Code, § 1835), and the commission issued by the clerk names two persons as commissioners, and the certificate attached to the deposition taken under said commission is signed by only one of the commissioners, and recites that he alone took the deposition of the witness to whom the interrogatories were propounded, and the adverse party is shown not to have waived the absence of the other commissioner, the taking of the deposition by only one of the commissioners was invalid, and upon a motion properly made, the deposition so taken will be suppressed; and this is true although it was not shown why the absent commissioner did not act, and there was no evidence that he did not have notice as required by the statute, but it was shown that the commissioner who acted was suggested by the party propounding the interrogatories and the name, of the other commissioner was inserted in the commission upon the suggestion of the adverse party. (DOWDELL, J., *dissenting.*)

12. *Trial and its incidents; admissibility of evidence relating to the manner of arriving at verdict by jury on motion for a new trial.*—On a motion for a new trial, evidence by the jurors who tried a case as to the manner of their arriving at a verdict, is inadmissible in evidence.

13. *Damages for personal injuries; when not shown to be excessive.* In an action against a street railway company, to recover damages for personal injuries, where it is shown that by reason of the injuries sustained the plaintiff's right arm was paralyzed and the injury resulted in his being sick and disabled for several months, and being subjected to heavy expenses for medical and hospital fees, and had suffered great mental and physical pain, and was prevented from performing the duties of his occupation for several months, a verdict assessing his damages at $2,300 can not be said to be excessive.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought by the appellee, James M. Mason, against the appellant, the Montgomery Street Railway Company, to recover damages for personal injuries. The complaint contained three counts, in each of which the plaintiff claims five thousand dollars damages. The first count of the complaint, after setting

up the fact that the defendant was operating a street railway in the city of Montgomery, and that the plaintiff had taken passage upon one of the cars owned and operated by the defendant, then avers that the defendant received "said plaintiff as a passenger therein to be carried through Hull street to a certain station near Julia street and opposite to a church known as Hull Street Methodist church, at or near Jenetta Ditch, sometimes called Boguehomo ditch, *and that thereupon it then and there became and was the duty of the said defendant to use due and proper care that the said plaintiff should be carefully and securely carried and conveyed and propelled along the said railway as aforesaid,* ( and to have provided a proper and sufficient place, light and means and facilities whereon and whereby the plaintiff might have safely alighted at said station opposite said church near said ditch; yet the said defendant not regarding its duties in that behalf did not use due and proper care in providing a proper and sufficient place, light and means and facilities to enable plaintiff safely to alight at said station opposite said church when the said car carrying plaintiff arrived there) ; by means whereof the said plaintiff, while attempting to alight or descend from the said car at said station, to-wit: on the 6th day of August last aforesaid, and at night, stepped and fell upon certain lumber and debris which had been negligently placed and permitted to remain at the place where plaintiff alighted from said car, and by stepping or falling upon said lumber or debris, plaintiff fell upon the same and was thereby greatly cut, bruised and wounded, and divers members of his body were then and there greatly injured in so much that his right arm was paralyzed and he then and there became and was very sick, weak and disabled for a long period, to-wit: from then to the commencement of this suit, and was thereby forced to pay a large sum of money for expenses incurred, to-wit the sum of $1,000 in and about attempting to be cured of the bruises, weakness and injuries occasioned as aforesaid, and suffered and underwent great mental and physical pain, and was hindered and pre-

vented from performing the duties of his occupation, which amounted to a large sum of money, to-wit, the sum of $5,000."

The second count of the complaint, after making the prefatory allegations as contained in the first count, then alleged that the defendant received "the said plaintiff as a passenger therein to be carried through Hull street, to a certain station near Julia street, and opposite to a church known as Hull Street Methodist church, at or near Jennetta ditch, sometimes called the Buguehomo ditch, *and that thereupon it then and there became and was the duty of the said defendant to use due and proper care that the said plaintiff should be carefully and securely carried and conveyed and propelled along the said railway as aforesaid* (and to have provided a proper and sufficient place, light and means and facilities whereon and whereby the plaintiff might have safely alighted at said station opposite said church near said ditch; yet the said defendant not regarding its duties in that behalf, did not use due and proper care in providing a proper and sufficient place, light and means and facilities to enable plaintiff safely to alight at said station opposite said church, when the said car carrying plaintiff arrived there); but negligently and carelessly piled the lumber and debris of an old bridge on the public highway where defendant stopped said car for plaintiff to alight, by means whereof the said plaintiff, while attempting to alight or descend from the said car at said station, or the place where said car was stopped for plaintiff to alight, to-wit, on the 6th day of August last aforesaid, and at night, stepped and fell upon said lumber and debris which had been negligently placed and permitted to remain at the place where plaintiff alighted from said car, and by stepping or falling upon said lumber or debris, plaintiff fell upon the same and was thereby greatly cut, bruised and wounded, and divers members of his body were then and there greatly injured in so much that his right arm was paralyzed, and he then and there became and was very sick, weak and disabled for a long period," etc.

33c

The third count of the complaint, after making the prefatory allegations and alleging that the plaintiff had taken passage on one of the cars operated by the defendant, then continues as follows "and that thereupon it then and there became and was the duty of the said defendant to use due and proper care that the said plaintiff should be carefully and securely carried and conveyed and propelled along the said railway as aforesaid, and to be stopped at the usual and proper place provided for passengers to alight at said station opposite said church; yet the said defendant not regarding its duty in that behalf did not stop said car at the usual stopping place where plaintiff could with safety have alighted from said car, although signalled by plaintiff in ample time to do so, but carelessly and recklessly ran said car beyond said regular stopping place, a distance of about 30 feet, to a place where lumber and other obstructions were lying on the ground, and where there was no light to apprise plaintiff of the situation there, and then and there stopped said car in the midst of said lumber and other obstructions, when plaintiff believing that said car had stopped at the usual and customary place for passengers to alight at said station, while attempting to alight from said car, to-wit, on the night of August 6th, 1899, stepped and fell in and upon a pile of lumber or other material, over and among which the defendant had negligently and carelessly stopped said car, and by stepping or falling upon said lumber or debris, plaintiff fell upon the same and was thereby greatly cut, bruised and wounded, and divers members of his body were then and there greatly injured in so much that his right arm was paralyzed and he then and there became and was very sick, weak and disabled for a long period," etc.

The defendant moved the court to strike from the first and second counts of the complaints the portions thereof which are italicized and which are in parentheses, upon the ground that the facts as alleged in each of said counts were immaterial, irrelevant and surplusage. The defendant also moved to strike from the

third count of the complaint the words "carelessly and recklessly" upon the ground that said words were immaterial, irrelevant and surplusage. The court overruled each of these motions. Thereupon the plaintiff amended the first count by striking out the portion thereof which is included with the parentheses, and inserting in lieu thereof the following: "and to provide a proper and sufficient place so that plaintiff might alight safely at said station; yet the defendant, not regarding its said duty, failed to provide a proper and sufficient place for plaintiff so to alight and stopped its car on which plaintiff was a passenger as aforesaid at a point where certain lumber and debris were lying within a few feet of its track." The plaintiff also amended the second count by striking out the words "light and means and facilities," wherever they occur. The defendant demurred to the first count of the complaint upon the following grounds: 1. Because plaintiff does not show how or in what manner the defendant failed to use due and proper care in providing a proper and sufficient place to enable plaintiff safely to alight at said station. 2. Because the complaint fails to show in said count that defendant placed said lumber and debris at the place where plaintiff alighted from said car. 3. Because the complaint fails to show in said count any duty upon the defendant to have removed the lumber placed along the track at the place of the accident. 4. That there was no legal duty upon defendant to have provided a proper and sufficient place whereby the plaintiff might have alighted from said car. 5. Because said count fails to show that defendant knew of the location of the lumber or debris at the point where plaintiff alighted from said car or that such lumber or debris was there sufficiently long for defendant to have been informed thereof, by the use of reasonable diligence on its part.

The defendant demurred to the second count upon the same grounds of demurrer as interposed to the first count and upon the following additional grounds: 1. Because said count does not show that defendant did not carefully and securely carry and convey and

propel the plaintiff along said railway. 2. Because said count does not show how or in what respect the defendant failed to use due and proper care in providing a proper and sufficient place to allow plaintiff to alight from said car. 3. Because the allegation in said count, "and to have provided a proper and sufficient place, whereon and whereby plaintiff might have safely alighted at said station," is a mere conclusion of the pleader. 4. And the allegation that defendant did not use due and proper care in providing a proper and sufficient place to enable plaintiff to safely alight at said station, is a mere conclusion of the pleader.

To the third count the defendant demurred upon the same grounds of demurrer as interposed to the first and second counts of the complaint, and upon the following grounds: 1. Because said count does not show that there was any duty resting upon the defendant to have placed a light at the place where the plaintiff alighted from said car. 2. Because said count fails to show that the defendant was in any wise responsible for the lumber or other obstruction being on the ground near its track. These demurrers were overruled. Thereupon the defendant pleaded the general issue and filed four special pleas. Plea numbered two is copied in the opinion. The remaining special pleas are as follows: "3. The plaintiff ought not to recover of the defendant because he was guilty of contributory negligence, which proximately caused his alleged injury in this: that he stepped from said car without knowing or inquiring of the defendant or its agent as to whether or not the situation was reasonably safe for him to alight where said car had stopped. 4. Plaintiff ought not to recover because he was guilty of negligence which contributed proximately to the injury complained of in that after the car ran beyond its regular stopping place, plaintiff voluntarily alighted therefrom without requesting the defendant or its agent to carry him back to the regular stopping place and without ascertaining before he alighted from said car that he was alighting at a safe place. 5. The plaintiff ought not to recover because he was guilty of negligence which contributed

proximately to the injury complained of in this that when he boarded and took passage on defendant's car, he did so knowing that said car was being operated without a conductor and without anybody to look after the safety of his alighting and that he alighted from said car without first ascertaining or attempting to ascertain that he was at a safe place to alight therefrom." The plaintiff demurred to the plea numbered two upon the following grounds: 1. The facts therein set forth do not constitute such negligence on the part of the plaintiff as would prevent his recovery in this suit. 2. Because the stopping of the car under the circumstances of this case as set forth in the complaint was an invitation to the plaintiff to alight at that place upon which he had a right to rely and act without making inquiry.

To the third plea the plaintiff demurred upon the following grounds: 1. It was not the duty of the plaintiff to make the inquiry therein referred to. 2. It shows no negligence on the part of plaintiff which proximately contributed to the injury complained of. 3. Because the stopping of the car under the circumstances of this case as set forth in the complaint was an invitation to the plaintiff to alight at that place upon which he had a right to rely and act without making inquiry.

The plaintiff demurred to the fourth plea upon the following grounds: 1. It assumes that it was the duty of plaintiff to inquire for information which it was the duty of the defendant to give. 2. It assumes that it was the duty of plaintiff to inquire for information in regard to possible danger which it was the duty of defendant to provide against. 3. Because the stopping of the car under the circumstances of this case as set forth in the complaint was an invitation to the plaintiff to alight at that place upon which he had a right to rely and act without making inquiry.

To the fifth plea the plaintiff demurred upon the following grounds: 1. It sets up no act of negligence on the part of the plaintiff that would legally relieve or release defendant from the negligence averred. 2. It as-

sumes that it was plaintiff's duty to perform certain acts not required of him by law. 3. Because it seeks to avoid one act of negligence on the part of defendant, to-wit, a failure to stop at a proper place for plaintiff to alight, by showing that defendant was guilty of another act of negligence, to-wit, a failure to have a conductor or other person to look after the safety of passengers alighting from said car.

These demurrers were sustained, and the trial was had upon issue joined upon the plea of the general issue.

The tendency of the evidence is sufficiently shown in the opinion. Before the trial was entered upon the defendant moved the court to suppress the deposition of the witness J. H. Drake, which was taken in the cause, upon the following ground: "Because the commission issued by the clerk of this court was issued to John K. Watkins and T. D. Samford, Esquires, of Opelika, Lee county, Alabama, appointing them commissioners jointly to take the testimony of the witness J. H. Drake, and that the deposition of the said witness was taken by John K. Watkins, acting alone, as shown by his certificate to the deposition, and because the said Watkins was unauthorized to take said testimony alone, and because said commission issued by the clerk required that T. D. Samford, Esq., co-commissioner, be given notice of the time and place of taking the deposition. And that the certificate attached to the deposition by John K. Watkins, one of the commissioners, does not show that he gave T. D. Samford any notice of the time or place of taking the said deposition of the said witness." In support of this motion the defendant introduced in evidence the commission issued by the clerk of the court, under which the deposition purported to have been taken. This commission showed that it was issued to John K. Watkins and T. D. Samford, Esquires, "as commissioners to take the deposition of J. H. Drake, a material witness" in said suit. The defendant also introduced in evidence the certificate of John K. Watkins to the deposition. This certificate showed that the deposition of J. H. Drake was taken by John K. Watkins alone, he de-

scribing himself as "the commissioner in said commission named." There was no evidence that Commissioner Samford did not have notice, nor any evidence tending to show why he did not act. It was shown by the evidence that the plaintiff, when he applied for the commission to take the deposition of the witness Drake suggested John K. Watkins as a commissioner and no one else, and that the name of T. D. Samford as commissioner was inserted in the certificate by the clerk and on request of the defendant. The court overruled the defendant's motion to suppress said deposition, and to this ruling the defendnat duly excepted.

During the examination of James M. Mason, the plaintiff, he testified that he had incurred an expense of $650 in seeking recovery from the injuries sustained by him; that the items going to make up this expense of $650 consisted of a doctor's bill of $160 and a hospital bill of $159; that the hospital bill included nurses' services and the payment for a private ward which he had engaged in the Johns Hopkins Hospital. The other items of the $650 account were for railroad fare, hotel bills and other expenses incurred in going to and being present in the Johns Hopkins Hospital.

The defendant moved the court to exclude from the jury all the testimony of the witness relative to all the items going to make up the $650, except that portion of the testimony regarding the doctor's bill. The court excluded from the jury the testimony of the witness regarding railroad fare, hotel bills and other items mentioned, but refused to exclude the testimony relating to the hospital bill and the doctor's bill. To the court's refusal to exclude the testimony as to the hospital bill, the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they must find their verdict for the defendant under the first count of the complaint." (2.) "If the jury believe the evidence, they must find for the defendant under the second count of the complaint." (3.) "If the jury believe

the evidence, they must find their verdict for the defendant." (4.) "The jury can not find for the plaintiff, unless they are reasonably satisfied from the evidence that the regular stopping place for said cars was opposite the South Hull Street Methodist church, and that the car upon which the plaintiff was travelling, did not stop in front of said church, but that the car was carried on past said regular stopping place, and stopped at a place that was not the regular stopping place for the cars on that line, and that the motorman who was operating said car stopped the said car at a place where lumber and other obstructions were lying on the ground, and where there was no light to apprise plaintiff of the situation there; and the jury must further be reasonably satisfied from the evidence that the car was stopped in the midst of said lumber and other obstructions and that the plaintiff in stepping from said car stepped and fell on lumber or debris." (10.) "If the jury believe from the evidence that the plaintiff alighted from said car onto the ground and not on the lumber or debris, they must find their verdict for the defendant." (11.) "The court charges the jury that the undisputed evidence in this case shows that the plaintiff had ceased to be a passenger when he fell and was injured." (12.) "The court charges the jury that the plaintiff can not recover anything for hospital fees." (13.) "The court charges the jury that unless they are reasonably satisfied by a preponderance of the evidence, that the plaintiff received the injuries of which he complains while in the act of stepping from the car to the ground, and before he had safely alighted upon the ground, they can not find a verdict for the plaintiff." (14.) "The court charges the jury that before the plaintiff can recover in this cause, you must be reasonably satisfied by a preponderance of the evidence that he received the injuries complained of while in the act of stepping or descending from the defendant's car on the occasion testified about, and not after he had safely landed upon the ground." (15.) "The court charges the jury that under the evidence in this cause, the regular stopping place or station of the defendant

company on its Cloverdale line, nearest the church testified about, was at the time of the injury complained of, on or just beyond, the bridge at which the injury occurred." (16.) "The court charges the jury that if they believe the evidence in this cause, they should find a verdict for the defendant." (17.) "The court charges the jury that under the evidence in this cause, the plaintiff can not recover under the third count of the complaint." (18.) "The court charges the jury that under the evidence in this cause, the plaintiff can not recover under the second count of the complaint." (19.) "The court charges the jury that under the evidence in this case, the plaintiff can not recover under the first count of the complaint." (20.) "The court charges the jury that at the time the plaintiff sustained his alleged injuries, he was not a passenger of the defendant company."

There were verdict and judgment for the plaintiff, assessing his damages at $2,300. The defendant moved the court to grant a new trial, and assigned as grounds therefor the several rulings of the trial court which were adverse to the defendant and also the following grounds: 1. That the verdict was contrary to the law and the evidence. 2. That the verdict of the jury was excessive. 3. "Because the amount of the verdict of the jury was ascertained by casting lots in the following manner, to-wit, the jury agreed that each man should write down on a slip of paper the amount which he thought the plaintiff should recover, and then by taking the figures on these twelve slips of paper, adding them together, dividing the sum by 12, taking the quotient as a result, and rendering their verdict thereon, first having agreed to be bound by the result so ascertained." In connection with this motion the defendant introduced evidence tending to show that the last ground of the motion was based on the actual facts relating to the manner in which the verdict was arrived at by the jury. Several of the jurors testified and each of them stated that the verdict was arrived at in such manner. They also testified in detail as to the occurrences in the jury room while the jury was deliberating upon the verdict. The

court, upon motion of the plaintiff, excluded the testimony of the several jurors as to what occurred in the jury room, and to this ruling the defendant duly excepted. The motion for a new trial was overruled, and the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

C. H. ROQUEMORE and LOMAX, CRUM & WEIL, for appellant.—The court should have sustained the motion of the defendant to strike certain portions of the first and second counts. This appellant was sued as a street railway, and there is no duty upon street railways to provide stations or other places for passengers to alight from its cars.—*Sternberg v. State*, 56 Am. & Eng. R. Cases, 424; *Jacob's Case*, 92 Ala. 187; *Chewning's Case*, 93 Ala. 24.

The special pleas of the defendant sufficiently set up contributory negligence of the plaintiff to bar his recovery.—*Bryan v. Man. Railway*, 121 N. Y. 126; 4 Am. & Eng. Ency. Law, 15; Booth on Street Railways, § 378.

The court should have sustained defendant's motion to suppress the deposition of the witness Drake. The defendant moved the court to suppress this deposition because it had not been taken according to the commission issued by the clerk of the trial court. It has been decided in many jurisdictions, and we take it to be the law that where one or more persons are named as joint commissioners, they must execute the power jointly, and the execution by one man is not a compliance with the power given in the commission.—*Gupp v. Brown*, 4 Dall. Book 1 (U. S.) Law Ed. 887; *Douge v. Pearce*, 13 Ala. 127; *Campbell v. Woodcock*, 2 Ala. 41; *Luckie v. Carothers*, 5 Ala. 290; *Kirk v. Suttle*, 6 Ala. 679; *Dearman v. Dearman*, 5 Ala. 202; 6 Ency. Pl. & Pr., 503; 9 Am. & Eng. Ency. Law (new ed.), 306; Weeks on Law of Depositions, § 308, p. 345; *Armstrong v. Brown*, 1 Wash. (6 U. S. C. C. Rep.), 34; *Marshall v. Frisbie*, 1 Mun. (Va.) 247.

[Montgomery Street Railway Co. v. Mason.]

The plaintiff was not entitled to recover in this action. The injuries were sustained by him after he had alighted from the car and ceased to be a passenger of the defendant.

The contention of defendant is that the moment Mason alighted safely upon the ground, he ceased to be a passenger. In support of this proposition we cite the following authorities: *Creamer v. West. St. Ry.,* 156 Mass. 320; *Gorgan v. West End St. Ry. Co.,* 49 L. R. A. 421; *Chattanooga Elec. Ry. Co. v. Boddy,* 58 S. W. Rep. 646; *Platt v. Forty-second St. Ry.,* Thomp. & C. (N. Y.) 406; Booth on Street Railways, § 326; *Railroad Co. v. Peacock,* 69 Md. 257; *Buzby v. Traction Co.,* 126 Pa. St. 559.

GEORGE P. HARRISON and Fred S. BALL, *contra.*—The ruling of the court in refusing to strike certain portions of the first and second counts upon motion of the defendant was without prejudice to the defendant, in that the plaintiff subsequently amended the counts by striking the part of the counts to which said motion was directed.—*C. & W. R. Co. v. Bridges,* 86 Ala. 448.

The manner in which the jury arrived at their verdict could not be inquired into in any other way than by a motion for a new trial. The testimony of the jurors as to what occurred in the jury room during their deliberations can not be considered.—12 Am. & Eng. Ency. Law, 378 and notes; 14 Ency. Pl. & Pr., 905 and authorities; *Clay v. City Council,* 102 Ala. 302.

The court very properly overruled the motion to suppress the deposition of Drake. Samford was suggested by the adverse party. It is clear that if Watkins was authorized to act alone under the commission, because the adverse party is not entitled to such notice, then Samford could have been nothing more than an attorney for defendant in being present.—*Wisdom v. Reeves,* 110 Ala. 418. To hold that both must act, especially where one is nominated by the adversary, would make it possible for the adversary to prevent the deposition from ever being taken by having his commissioner absent himself, delay or refuse to act. We have found this question decided in this State, but we will call attention to a few

decisions of other tribunals.—*Scott v. Baber*, 13 Ala. 185; *Campbell v. Webb*, 2 Ala. 41; *Berghams v. Alter*, 9 Watts (Pa.) 386; *Piggott v. Holloway*, 1 Binn. (Pa.) 436.

The appellee was entitled to recover under the facts of the case, as a matter of law. It is undisputed that the relation of passenger arose when Dr. Mason boarded the street car in the city of Montgomery and that relation continued until he left the car. The contention of the appellant is that he ceased to be a passenger as soon as he got his foot or feet on the ground and was clear of the car—that is, as soon as he was in no manner in touch with it, hands or feet, and that its responsibility to him ended instantly. It contends that it cannot be held liable to Dr. Mason even if it did put him off in a place so dangerous that the natural result was the injury complained of. On the other hand, the appellee contends that the relation of passenger between them continued until the appellee was safely on the ground with both feet and out of touch with both hands and feet, and in addition to that, that the appellant was responsible to the appellee to place him in a place of safety. By this we do not mean, that the appellant should have escorted him to the sidewalk or other place, or that it must have provided a platform or other facilities for his landing not usual in streets, but it must land him on the public street or public road at a place where it was in its usual condition, not obstructed or made dangerous by unusual obstacles.—*Richmond City R. Co. v. Scott*, 86 Va. 902; *Dixon v. Brooklyn Co.*, 100 N. Y. 170; *Creamer v. West End S. R. Co.*, 156 Mass. 320.

Street railway companies, as carriers of passengers for hire, are bound to exercise the highest degree of care and diligence consistent with the nature of their undertaking, and are responsible for the slightest neglect. This rule extends to the management of cars and track, and to all arrangements necessary for the safety of passengers as respects accidents from collision or otherwise.—*Smith v. St. Paul City R. Co.*, 16 Am. & Eng. R. R. Cases, 310; s. c. 32 Minn. 1; 50 Am. Rep.

550; 18 N. W. Rep. 827; 7 Rap. & Mack. Dig. of Ry. Law, 458, § 325.

DOWDELL, J.—The appellee sued the appellant, the Montgomery Street Railway, to recover damages for injuries received by him as a passenger on one of the appellant's cars, in alighting from the car, caused by appellant's negligence. The plaintiff recovered a judgment in the court below, and from this judgment the present appeal is prosecuted.

There are numerous assignments of error, in all, fifty-five. Some of these assignments are, however, not insisted on in argument, and such as are not insisted on, will not be considered. The first seven relate to the rulings of the court on motions of the defendant, the appellant here, to strike certain parts of the complaint as being immaterial averments, and merely surplusage. After the action by the court overruling the motions to strike, the plaintiff amended the first and second counts of the complaint by striking out the words, "light, means, and facilities," to which the motions to strike were in part directed. With the complaint as thus amended no injury resulted to the defendant in overruling the motions to strike. If it be conceded that there was error, still we are unable to see that the defendant was in any way prejudiced, and unless it affirmatively appears that the refusal of the court to strike immaterial and irrelevant averments results prejudicially, such refusal does not constitute reversible error. *Columbus & Western R'y Co. v. Bridges,* 86 Ala. 448.

The 8th, 9th and 10th assignments of error relate to the overruling of the defendant's demurrer to the complaint, and the questions raised by these assignments that are insisted on in argument, are also raised by charges requested by the defendant, and which were refused by the court. These embrace the vital points in the case, and as they were argued together by counsel for appellant, will in like manner be considered together here.

The gist of the action is in the alleged negligence of the defendant in stopping its car, upon which plaintiff

[Montgomery Street Railway Co. v. Mason.]

was riding as a passenger, in an unsafe and dangerous place for him to disembark, and while so disembarking or immediately upon alighting from said car, received the injuries alleged in the complaint. The complaint in this respect sufficiently states a cause of action. It was not incumbent on the plaintiff in his pleading to aver in connection with the duty of the defendant to provide a safe place for his alighting from the car, to aver what should constitute a safe place, nor to undertake a minute description of the place where the stop was made, and the alleged injury received. After averring the duty of the defendant to provide a safe landing place for the plaintiff in alighting from its car, the complaint in the first and second counts, with sufficient certainty and definiteness avers the failure to perform such duty and in a manner to constitute negligence. So in the third count, after averring the duty of stopping the car at the usual or customary stopping place, the averment of the failure to do so, and the manner and form of the breach of this duty which resulted in the injury to the plaintiff, is sufficiently definite in charging negligence and consequent damage. The complaint upon the whole states a cause of action with that degree of certainty required in pleading, and the court properly overruled the demurrer.

The 2d, 3d, 4th and 5th pleas of the defendant, to which demurrers were sustained, sought to set up contributory negligence on the part of the plaintiff. The 2d plea avers, "that when the car stopped, the lights from the car shone for ten or twelve feet on either side of the track, and that plaintiff could have seen the alleged lumber and debris before he stepped thereon, by the exercise of ordinary and reasonable care on his part." There is no averment in this plea that the plaintiff failed to exercise ordinary and reasonable care, or that he did see the lumber. In this respect the plea was bad. The 3d plea assumes that it was the duty of the plaintiff to inquire of the defendant or its agent as to whether the place of stopping was a reasonably safe place, while on the contrary he had a right to assume on the conduct of the defendant, as alleged in the complaint, that

it was a safe place for him to alight. The 4th plea for a similar reason was bad. The 5th plea is nothing more than an effort to excuse one omission of duty on the part of the defendant by its omission of still another duty. For the reasons stated, these several pleas were subject to the demurrers, and there was no error in the court's action in sustaining them.

We do not understand it to be a contention on the part of the appellee, as supposed by appellant's counsel, that any duty rested on the appellant to provide along the line of its railway, depots and stations for the convenience or safety of its passengers, as in case of steam railways, but only to provide for reasonably safe places for its passengers to get on and off its cars. It cannot be doubted that street railway companies, as common carriers of passengers for hire, are under the duty of exercising the highest degree of diligence and care in conserving the safety of their passengers, and are responsible for the slightest neglect.—*Smith v. St. Paul City R. Co.,* 16 Am. & Eng. R. R. Cases, 310; 7 Rap. & Mack's Dig. R'y Law, p. 458, § 325. This duty arises when the relation of carrier and passenger begins, and continues until that relation is ended. These propositions of law are not disputed, but it is contended in the present case, that at the time of the injury complained of, the plaintiff was no longer a passenger on the defendant's car, after alighting from the same, and that the defendant was relieved of all responsibility after the plaintiff had alighted from its car onto the ground at the place where it stopped for that purpose. And this involves the question of the duty of the carrier to provide a reasonably safe place for the landing of its passengers. The same duty of exercising the highest degree of diligence and care in the carriage or transportation of passengers, in law and reason extends to and includes the safe landing of the passenger at the termination of his journey or ride, and this duty is not performed when the carrier lands its passenger at a time and place of such unknown environment to him, that in his first effort to depart after alighting onto the ground, he is tripped and thrown by an unseen pile

of lumber and debris. There was evidence which tended to show that the plaintiff became a passenger at night, and, being a dark night, on one of the defendant's street cars, and paid his fare to be transported thereon, that when nearing the end of his journey he gave the usual stop signal, that in obedience to the signal the car was stopped for him to get off, that he alighted from the car onto the ground, and that at the first step he attempted to take he was tripped and thrown by unseen lumber, which had been piled at the place by the defendant the day previous while repairing a bridge over which its tracks ran, and from the fall received the alleged injuries. There was evidence which also tended to show that the customary stopping place was immediately in front of the church, where the plaintiff was going to attend religious services, but on the present occasion the car passed this customary stopping place, and stopped about thirty feet beyond, and where the lumber and debris were piled by the side of its track, and between the track and the church. While there was conflict in the evidence as to the presence of lumber and debris at the place of stopping, and as to the usual and customary place of stopping in that locality for discharging passengers, we think there can be no question of the defendant's liability on the phase of the evidence above stated if believed by the jury.

This case in principle is similar to the case of *Richmond City Railway Co. v. Scott*, 86 Va. 902, and the doctrine there laid down, and the authorities cited in support of it, are applicable here. We quote from authorities cited in that case. In Wharton on Negligence, section 649, it is said: "When danger approaches it is the duty of the officers of the road to notify passengers, so that they can take steps to avoid it; and failure to give such notice is negligence. So, also, if there is a dangerous place at the landing, it is the duty of the conductor to warn those about stepping out." "And * * * he must give notice to all if any danger in alighting is probable."

In *Cartwright v. Chicago, etc., R'y Co.*, 52 Mich. 606, COOLEY, C. J., says: "If a car in which there were

passengers, was not standing where it would be safe for them to alight without assistance, it was the duty of the company to provide assistance, or give warning, or move the car to a more suitable place;" citing *Railroad Co. v. Whitfield*, 44 Miss. 466; *Railroad Co. v. Buck*, 96 Ind. 346; *McGee v. Railroad Co.*, 92 Mo. 208; *Maverick v. Eighth Ave .R'y Co.*, 36 N. Y. 378. This doctrine applies to street railway companies, and they are bound by the same liability.—*Smith v. St. Paul*, 32 Minn. 1, s. c. 16 Am. & Eng. R. R. Cases, cited above; *Citizens, etc., R. R. Co. v. Twiname*, 111 Ind. 589; *Topeka City R'y Co. v. Higgs*, 38 Kan. 375; *Railway Co. v. Findley*, 76 Ga. 311; *Barrett v. Third Ave. R'y Co.*, 45 N. Y. 628; *Hill v. Ninth Ave. R. R. Co.*, 109 N. Y. 239.

The record does not show that the item of $159 of hospital fees paid by the plaintiff, while under treatment for his injuries, included anything other than that of the expense of a nurse and a ward in the hospital The court excluded the item of board and traveling expenses paid out by the plaintiff. If the attendance of a nurse was necessary while the plaintiff was under treatment for his injuries received on account of the negligence of the defendant, we cannot see why this is not as essentially an element of recoverable damage, as the professional fees of the attending physician. So, too, the necessary expense of a private ward in the hospital while undergoing treatment would constitute a proper element of recoverable damage. There was no error in the action of the court in refusing to exclude the item of $159 from the consideration of the jury in estimating plaintiff's damages.

A majority of the court are of the opinion that there was error in overruling the motion to suppress the deposition of J. H. Drake. They hold that since the commission was joint and not several and nothing was done by defendant to waive the absence of the commissioner Samford, the execution by Watkins was invalid; and in this they follow the rule mentioned in *Dogue v. Pearce*, 13 Ala. 128, and sustained by other authority, for the maintenance of which they think there are substantial

34c

reasons. The writer is of a different opinion. What was said in *Dogue v. Pearce, supra,* was *dictum.* The question here presented was not before the court for decision in that case. The depositions here were taken on interrogatories filed under section 1835 (Code, 1896), and that section directs what shall be done. This statute provides: "The party, after making affidavit, may file with the clerk interrogatories to be propounded to the witness, of which, and of the residence of the witness, *and of the commissioner to be appointed* [italics are mine], he must give the opposite party, or his attorney, notice in writing, who has ten days thereafter to file cross interrogatories, to which the party filing the interrogatories may file rebutting interrogatories. After the expiration of the ten days, a commission, accompanied by a copy of the interrogatories and of the cross and rebutting interrogatories, if filed, must be issued by the clerk to take the deposition, which may be taken at such time and place as the commissioner shall appoint. On failure to give notice herein required of the residence of the witness and the commissioner, unless the same is waived by the adverse party, the deposition of such witness must be suppressed at the cost of the party taking it."—Code, 1896, § 1835. I think the statute clearly contemplates that the party filing the interrogatories shall nominate the commissioner to whom the clerk shall issue the commission. As I construe the statute, he, the party filing the interrogatories, and not the clerk, is required to give the opposite party, or his attorney, notice of the commissioner *to be appointed,* and the last clause in the statute provides, "on failure to give the notice herein required," etc., "unless the same is waived by the adverse party, the deposition of such witness must be suppressed *at the cost of the party taking it."* It is quite clear to my mind that the duty of giving the notice required is imposed upon the party filing the interrogatories, and not upon the clerk; if the latter, why should the costs be imposed upon the party for the failure of the clerk to discharge his duty, in case the deposition is suppressed for failure to give the required notice? Again, it is not to be supposed

that the clerk would be required to find out or ascertain without the suggestion of the party filing the interrogatories, who could be procured to act as commissioner. It may be, and often is the case, that the deposition is to be taken at a place, where the clerk is entirely unacquainted with any person. Certainly, the statute does not provide that the adverse party may suggest a commissioner, nor is there any authority expressly or impliedly given to the clerk to appoint on his suggestion. If the clerk may appoint a commissioner on the suggestion of the adverse party, and it be required that the commission shall be jointly executed, then it would be in the power of the adverse party to prevent ever obtaining the testimony of the witness on interrogatories, by the suggestion and appointment of a co-commissioner who would fail to act. I think the clerk acted without authority in appointing Samford as a co-commissioner on the suggestion of the adverse party, to act with Watkins, who was nominated by the party filing the interrogatories as the commissioner to be appointed. It is quite evident that the statute confers no such authority. If Watkins was in any respect an unsuitable person to act as commissioner, upon the fact being shown to the court, it would be within the power of the court to control the matter. There is no pretense that Watkins was an unsuitable person, or that the commission was in any respect improperly executed by him, except that Samford did not jointly act with him. It does not appear why Samford did not act; for aught that the court knows he refused to act. I can see no good reason far saying that the execution of the commission by Watkins was not valid. The statute under consideration received a construction as to the right of the opposite party to demand notice of the time and place of taking the deposition in *Wisdom v. Reeves,* 110 Ala. 418, and what was there said seems to me in principle to support my views above expressed.

On the motion for a new trial, the court very properly excluded all the evidence by the jurors who tried the case, as to the manner of their arriving at the verdict.—*Eufaula v. Speight,* 121 Ala. 613. This evidence

being excluded the ground of the motion based on the conduct and action of the jury in reaching a verdict was unsupported. We do not think the verdict of the jury as to the amount of damages awarded, excessive. Other grounds of motion for a new trial, which relate to the rulings of the court on the trial, we have already treated in the foregoing opinion.

For the error pointed out the judgment will be reversed and the cause remanded.