# Birmingham Ry. & Electric Co. *v.* Mason.

*Damages for Assault by Conductor.*

[DECIDED NOV. 29, 1905, 39 SO. REP. 590.]

1. *Witnesses; Cross Examination; Scope of Inquiry.*—The scope of inquiry on cross examination is limited only by the sound discretion of the court, with a view to test the memory, skill, accuracy and judgment of the witness, and the consistency of his answers with each other and with his present testimony.

2. *Same; Impeachment; Predicate.*—A question propounded to a witness with reference to what he said to a third person was proper, where it laid the predicate for proof of a statement, which, if made by the witness, was contradictory of his present testimony.

3. *Appeal; Harmless Error; Evidence.*—If error is committed in allowing a question to be asked as a predicate to contradict a witness by a third person, the error is without injury if the third person is introduced to prove the contradictory statement and denies that such statement was made.

4. *Carriers; Assault and Battery by Conductor; Instruction.*—It is not error that will work a reversal, conceding it to be abstract and argumentative, to give a charge instructing the jury that

[Birmingham Ry. & Elec. Co. v. Mason.]

even though it be the duty of the conductor to keep plaintiff out of that part of the car for white people, yet it was the duty of the conductor, not to use any more force than was necessary for that purpose, and if no force was necessary, then it was the duty of the conductor not to use any force to injure plaintiff.

5. *Trial; Instructions; Singling Out Evidence.*—An instruction giving undue prominence to a witness, naming him, is properly refused.

6. *New Trial; Papers Improperly Sent to Jury Room.*—The fact that the bill of exceptions reserved on a former trial was inadvertently handed to the jury and by them taken into the jury room, where the proof allowed in reference to it on motion for new trial did not show who handed it to the jury, and there was no claim of misconduct with respect of it on the part of any one, is not good grounds for a new trial. And on such a motion the affidavits of the jurors that the bill was not read by them are admissible.

7. *Appeal; Question of Fact; Preponderance of Evidence.*—This court, on appeal, will indulge all reasonable presumptions as to the correctness of the judgment denying a motion for a new trial, and will not reverse on the ground that the preponderance of the evidence was against the verdict of the jury.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by James Mason against the Birmingham Railway & Electric Company for damages for assault and battery committed by defendant's conductor.

Charge requested by the plaintiff, and given by the court, and assigned as error, was as follows: "(1) Even though it be the duty of the conductor to keep James Mason out of that part of the car for white people, yet it was the duty of the conductor not to use any more force than was necessary for that purpose, and, if no force was necessary, then it was the duty of the conductor not to use any force to injure plaintiff." The charges requested by the defendant and refused by the court were the general affirmative charge as to both counts, asked separately, and charges singling out testimony of different witnesses. There was motion for new trial, and the refusal of the court to grant it to defendant is also assigned as error.

The facts sufficiently appear in the opinion.

[Birmingham Ry. & Elec. Co. v. Mason.]

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant.

BOWMAN, HARSH & BEDDOW, for appellee.

DENSON, J.—On the former appeal in this case it was held that both counts of the complaint were subject to the demurrer interposed to them.—*Birmingham Ry. & Elec. Co. v. Mason*, 137 Ala. 342, 34 South. 207. On remandment of the cause plaintiff amended the first count of the complaint to meet the demurrer and further amended the complaint by striking out the second count. The defendant refiled the demurrer to the complaint and the court overruled it. The first assignment of error challenges the correctness of the court's ruling on the demurrer, but the assignment is waived in the brief of counsel.

The plaintiff seeks to recover damages alleged to have occurred to him as the result of an assault and battery alleged to have been committed on him by defendant's conductor, acting within the line and scope of his authority, and while plaintiff was being carried as a passenger on one of defendant's cars. The evidence for the plaintiff tended to prove the allegations of the complaint.

W. S. Finley, as a witness for the defendant, testified that he was the conductor in charge of the car on which the plaintiff was a passenger at the time he claimed he was assaulted. His testimony tended to show that no assault was made on the plaintiff, and that he did not grab the plaintiff in the throat and choke him and shove him back from the car, as was testified to by the plaintiff. On cross-examination he testified that J. D. Phillips was on his train that evening learning the route. "In cross-examination, an adverse party is usually allowed great latitude of inquiry, limited only by the sound discretion of the court, with a view to test the memory, the purity of principle, the skill, accuracy, and judgment of the witness, and the consistency of his answers with each other and with his present testimony, to enable the jury to judge of the degree of confidence they may safely place in his testimony."—2 Wigmore on Evidence, §§ 944, 945, 995. Considering the cross-examination of the witness Finley in its entirety, we think it falls within the scope

of the rule as above stated, and that the court committed no error in overruling the objections of defendant to the questions propounded by the plaintiff to the witness on cross-examination.—*Cambell's Case*, 23 Ala. 44; *Stoudenmire v. Williamson*, 29 Ala. 558; *Thomason v. Dill*, 30 Ala. 444; *Seale v. Chambliss*, 35 Ala. 19; *Ingram's Case*, 67 Ala. 67; *Noblin's Case*, 100 Ala. 13, 14 South. 767; *Tobias v. Treist*, 103 Ala 664, 15 South. 914; *Rhodes Furniture Co. v. Weeden*, 108 Ala. 252, 19 South. 318; *Sou. Ry. Co. v. Brantley*, 132 Ala. 655, 32 South. 300; *Hathaway v. Crocker*, 7 Metc. 266; *Langley v. Wadsworth*, 99 N. Y. 63, 1 N. E. 106; 2 Wigmore on Evidence, § 944.

Nor did the court commit error in overruling defendant's objection to the question propounded by plaintiff to witness Finley with reference to what Finley said to J. D. Phillips between East Highlands and Birmingham. The question properly laid a predicate for proof of a statement which, if made by the witness, was contradictory to the witness' evidence.—*N. A. R. Co. v. Mansell*, 138 Ala. 562, 36 South. 459. But if there had been error in allowing the question, the error would have been cured by Phillips' evidence. Phillips, when called by plaintiff to prove the contradictory statement, testified that Finley made no such statement as was insisted upon by the plaintiff.

The written charge given at the request of the plaintiff asserts a correct proposition of law.—*B. Ry. & Elec. Co. v. Baird*, 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep 43. The insistence of the dfeendant with respect to this charge is that it is argumentative and abstract. Granting that the insistence is correct, it does not follow that the giving of the charge was reversible error.—*Karr's Case*, 106 Ala. 1, 17 South. 328; *A. G. S. R. Co. v. Frazier*, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; *Russell v. Irwin*, 38 Ala. 44; 2 Mayfield's Dig. p. 565, §§ 67, 73. Charges 4 and 5 requested by the defendant gave undue prominence to the evidence of the witness named in them, and for this reason they were properly refused.—*Steed v. Knowles*, 97 Ala. 574, 12 South. 75; *Sou. Ry. Co. v. Reaves*, 129 Ala. 457, 29 South. 594; *Sou. Bell Co. v. Mayo*, 134 Ala. 641, 33 South. 16. Errors assigned, based upon the refusal of the court to give

other charges requested by the defendant, are not insisted on in brief of counsel.

One ground of the motion for a new trial was that the bill of exceptions which was reserved on a former trial of the case was inadvertently handed to the jury on their retirement and that the jury had the bill with them in their deliberations. The proof offered by the defendant to support this ground of the motion does not show who handed the papers to the jury, nor was there any insistence that the possession by the jury of the bill of exceptions was the result of misconduct on the part of any one. The extent to which the evidence of the defendant went was to show that the jury had the bill of exceptions in the jury room. The rule as laid down in the Encyclopedia of Pleading and Practice (volume 12, p. 603) is that, "where papers which should not properly go to the jury are sent to the jury room through inadvertance or accident, and not through the connivance of the prevailing party, the verdict will not ordinarily be set aside on that account, if it does not appear that the unsuccessful party was prejudiced thereby." Certainly, if it is made to appear that the bill of exceptions was not read by the jury, no injury could have resulted from the jury having it with them.—12 Ency. of Pl. & Pr. 604, and note 1; *Hix v. Drury,* 5 Pick. 296.

It was made to appear in this case by the affidavit of the jurors that the bill was not read. But the defendant objected to the affidavits of the jurors being used as evidence, and reserved an exception to the ruling of the court allowing them in evidence. It is settled law with us. based on public policy, that affidavits of jurors cannot be used as evidence to impeach their verdict.—*Clay v. City Council of Montgomery,* 102 Ala. 297, 14 South. 646; *City of Eufaula v. Speight,* 121 Ala. 613, 25 South. 1009. But it seems to be the rule that the affidavits of jurors may be used to support the verdict when assailed, especially so when the affidavits relate to extrinsic matters, such as did not enter into or form a part of the deliberations of the jury. The affidavits of the jurors in this case did not involve their motives in making the verdict nor the means by which the verdict was reached; but, on the contrary, they show that the matter com-

plained of did not enter into the deliberations of the jury, and the matter contained in the affidavits has no tendency whatever to stultify the jury. We think the court committed no error in receiving the affidavits of the jurors.—14 Ency. Pl. & Pr. 905, note 6; *Clay v. City of Montgomery,* 102 Ala. 297, 14 South. 646; *City of Eufaula v. Speight, supra; L. & N. R. R. Co. v. Sides,* 129 Ala. 399, 29 South. 798; *G. P. R. R. Co. v. Dooley,* 86 Ga. 294, 12 S. E. 923, 12 L. R. A. 342.

Under the evidence in the case we cannot say that the damages accorded the plaintiff are excessive.

The persistence of counsel for the plaintiff in their effort to prove the general reputation of the plaintiff was made a ground of the motion for a new trial. No witness gave evidence of the reputation of the plaintiff. Therefore there is no reason for granting a new trial on that ground of the motion.

The only remaining question is, should the motion for the new trial have been granted on the ground that the verdict of the jury was contrary to the evidence. It is true that the case for the plaintiff was supported only by his own evidence and that of one other witness, while the defense was supported by the conductor and three other witnesses. It is also true that the evidence of the plaintiff and that of the defense was in sharp conflict. "After allowing all reasonable presumptions of the correctness of the judgment denying the motion for the new trial, we are not convinced that the preponderance of the evidence against the verdict is so decided as to clearly convince us that the verdict is wrong and unjust."—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *T. C. I. & R. R. Co. v. Stevens,* 115 Ala. 461, 22 South. 80; *A. G. S. R. R. Co. v. Hamilton,* 135 Ala. 343, 33 South. 157.

Having discovered no reversible error in the record, the judgment appealed from must be affirmed.

HARALSON, DOWDELL, and SIMPSON, JJ., concur.