184 So. 203

### MAY v. LEWIS.
#### 4 Div. 406.

Court of Appeals of Alabama.

June 30, 1938.

Rehearing Denied Oct. 4, 1938.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

H. R. McClintock, of Dothan, for appellee.

SAMFORD, Judge.

The complaint is in one count, and claims damages from the defendant for that he wrongfully and willfully shot the plaintiff in the arm seriously injuring him; that as a proximate result of such wrongful and willful conduct of the defendant, plaintiff was caused to be confined in the hospital for fifteen days; that the bone of his arm was split and broken; that plaintiff had to be treated by a physician and surgeon for a period of five months; that plaintiff suffered great physical pain and mental anguish; that plaintiff has had to contract bills for his hospitalization and for treatment by a physician and surgeon, nurses bills, medical bills, drug bills, bandages and other necessities; that plaintiff has been deprived of the use of his said arm and has been unable to work for a period of five months; that plaintiff's injury is permanent.

Plea one was not guilty, and plea two was self-defense. Upon issue joined there was verdict and judgment for the plaintiff.

The assignments of error necessary to be noticed consist of rulings of the trial court on the admission of testimony and the refusal of the court to give, in writing, two charges requested by the defendant.

The first assignment of error is based upon the ruling of the court in overruling defendant's objection to the following question, to-wit: "I say, at the time you saw Lewis with his knife in his hand, there wasn't anything to prevent Clarence from cranking his car and driving away?"

. Assignment of error two is based upon the refusal of the court to exclude the answer to the foregoing question.

Assignments of error three and four are based upon the rulings of the court in overruling the objection of the defendant to a question propounded to the defendant, May,

on cross-examination, and the refusal of the court to exclude the answer to said question.

Assignments of error five and six are based upon the rulings of the court in overruling defendant's objection to a question propounded by plaintiff to defendant May, as follows: "But they would work—you could lose (loose) them?" and the refusal of the court to exclude the answer to said question.

Assignments of error seven and eight are based upon the rulings of the court with reference to a question propounded to the defendant May on cross-examination, to-wit: "Couldn't you have raised that window between you and Mr. Lewis while he was covering that four feet?" and the rulings of the court in refusing to exclude the answer.

The foregoing questions and answers all occurred on the cross-examination of the witnesses and are governed by the general rule, that upon cross-examination of a witness the scope of inquiry is limited only by the sound discretion of the court, with a view of testing the memory, accuracy and judgment of the witnesses and the consistency of their answers with each other and with their present testimony. Birmingham Railway & Electric Company v. Mason, 144 Ala. 387, 39 So. 590, 6 Ann. Cas. 929. It is the well established rule in this State, that the scope and extent of cross-examination rests largely with the trial court and unless it appears that this discretion has been abused, appellate courts recognizing this rule will not reverse lower courts for such rulings. 19 Alabama Digest, Witnesses, ☞267.

Assignment of error nine is based upon the ruling of the court in allowing plaintiff's witness Kelly to testify that: "Out there on that day following the time you understand they had the law suit at Columbia to the day of the shooting, did you hear Mr. Lewis (plaintiff) make any threats against Mr. May (defendant) as to his life, threaten his life or threaten to get him?" This testimony was irrelevant, but its admission was not of such nature as to constitute reversible error.

Assignment of error eleven is based upon the action of the court in sustaining plaintiff's objection to a question propounded by the defendant to Ivy Forrester, a witness for the defendant, which question was as follows: "You have arrested him several times haven't you?" This question related to a witness for the plaintiff who had testified in the case for and on behalf of the plaintiff. This was not error on the part of the court. The question did not seek to bring out evidence which would have been legal in the impeachment of the witness.

We have read this entire record. The issues were plainly defined. The jury was properly charged. The verdict is sustained by the evidence for the plaintiff. The motion for a new trial was properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.