# Louisville & Nashville Railroad Co. v. Sides, Admrx.

*Action against Railroad Company for Personal Injuries.*

1.  *Injuries caused by falling in well or pit-fall; liability of owner
    for damages.*—Where a land owner suffers persons to cross
    his lands without any express or implied invitation on his
    part, if a trespasser or licensee, while so crossing the land
    wanders out of the beaten path and falls into a pit or well,
    located on said land, the land owner is without fault or
    blame and can not be held liable in damages; and this prin-
    ciple is applicable to railroad companies owning lands as
    private property.
2.  *Trial and its incidents; granting of new trial.*—The fact that
    in the trial of a case the brief of defendant's counsel was
    accidentally placed in the file of papers which was given
    the jury in their retirement to consider their verdict, con-
    stitutes no ground for setting aside the judgment rendered
    upon a verdict and granting a new trial, when it is shown
    that said brief of counsel was not considered or examined
    by the jury, had no influence or any effect upon their ver-
    dict, and there was no evidence imputing any improper mo-
    tive to the defendant or any one connected with the case
    in the brief being put into the file of papers which was
    carried out by the jury.

[Louisville & Nashville Railroad Co. v. Sides, Admrx.]

, APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellee, as administrator of Thomas L. Sides, deceased, brought the present action against the Louisville & Nashville Railroad Company and the Alabama Mineral Railroad Company to recover damages for the death of plaintiff's intestate, which is alleged to have been caused by his falling into a well, situated on the property of the defendants, and which the defendants left uncovered and unprotected, etc.

On the trial of the cause there were a verdict and judgment for the defendants. The plaintiff moved the court to set aside said verdict and grant it a new trial. The grounds of this motion and the facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence the court granted the motion to set aside said judgment and granted a new trial, the judgment entry reciting that it was "because the court erred in giving the charges requested by the defendant." From this judgment the defendant appeals, and assigns the rendition thereof as error.

THOS. G. JONES, for appellants.—The plaintiff's intestate in this case was a trespasser going upon the lands and was not even a licensee.—*Railroad Co. v. Campbell*, 41 Am. & Eng. R. R. Cases, 100; *Chicago R. R. Co. v. Heckey*, 83 Ill. 427; *Duff v. R. R. Co.*, 2 Am. & Eng. R. R. Cases, 1; *McCauley v. R. R Co*, 93 Ala. 56.

The mere sufferance by the defendants of persons crossing land, does not impose a liability when the person so crossing wanders out of the regular beaten path and falls into a well.—*Railroad Co. v. Barton*, 14 Neb. 295; *Sweeney v. R. R. Co.*, 10 Allen 368; *E. & T. R. R. Co. v. Griffin*, 100 Ind. 221; *Beck v. Carten*, 68 N. Y. 283; *Cragin v. Shiele*, 53 Conn. 186; *Campbell v. Boyd*, 88 N. C.; *Brooker v. Covington*, 69 Ind. 383; *M. & E. R. Co. v. Thompson*, 77 Ala. 448.

Even if the owner of the premises had passively acquiesced in the trespass of parties in walking over the

[Louisville & Nashville Railroad Co. v. Sides, Admrx.]

premises during the whole period, it could work no change in the relation of the parties, nor put any burden upon the defendants.—*Sutton v. R. Co.,* 66 N. Y.; *Railroad Co. v. Randolph,* 53 Ill. 510; *Eaton v. R. R. Co.,* 57 N. Y. 382; *McCauley v. R. R. Co.,* 93 Ala. 356.

CALDWELL & JOHNSTON and MATTHEWS & WHITE-SIDE, *contra.*—The evidence shows that this well which was deep and dangerous was substantially adjoining a footway which had been used by the public generally for twenty years or more and this warranted the jury in finding that it was a public way.—92 N. Y. 289; 104 N. Y. 363; *Beck v. Carter,* 68 N. Y. 283.

An excavation made by defendant so near a highway as to make the use of the highway unsafe, makes him liable to a traveler who, while using ordinary care, falls into it. Defendant's duty was to protect it, and his failure is negligence. It is immaterial that the alley had not been accepted by the public as a highway.—*Miles v. R. R. Co.,* 92 Mass. 368; *M. & E. R. R. Co. v. Thompson,* 77 Ala. 448; *M. & E. R. R. Co. v. Chambers,* 79 Ala. 338; *Wright v. Railroad Co.,* 72 Ala. 411; *Bradford v. R. R. Co.,* 86 Ala. 474; *Bromley v. R. R. Co.,* 95 Ala. 397; *Chambliss v. R. R. Co.,* 97 Ala. 171.

DOWDELL, J.—On issue joined between the parties a trial by jury was had and a verdict rendered for the defendants. On motion of the plaintiff the verdict was set aside and a new trial granted. From the judgment of the city court granting the new trial this appeal is prosecuted. The grounds of the motion for the new trial were:

"1. The verdict is contrary to the evidence.

"2. The court erred in giving the several written charges requested by the defendants.

"3. Because the jury in their deliberations had and read the brief of law and points prepared by defendant's counsel for the trial of this cause which gave their contentions of the law bearing upon this case."

The judgment of the trial court in granting the mo-

tion for the new trial, as shown by the recital in the judgment entry, was rested on the second ground of the motion, viz., that the court had erred in giving the written charges requested by the defendant. The evidence showed that the well into which plaintiff's intestate fell, and which resulted in his death, was located in an old field which up to about ten or twelve years before the accident, had been enclosed and in cultivation; that the old field was the private premises of the defendant and was traversed by a number of footpaths, one of which passed near the well into which deceased fell, and had been commonly used by people in that vicinity for twenty years or more as a "short cut" in going to and from the city of Anniston and the Pipe Works to their homes; that the defendants in the year 1894, about two years previous to the accident, posted these premises against trespassers, and that those who owned and preceded the defendant in possession of the premises, and through whom the defendant derived its title to the property, had at different times within the twenty years that these paths had been so used, stopped and prevented certain persons from travelling them, and permitted or suffered others to use them, thus denying the right of the general public to the use of said paths. On this state of the evidence, which was undisputed, no presumption of dedication to the public could arise. There was no evidence that the deceased was there by invitation of the defendant, nor was there any evidence that the deceased had or claimed for himself any easement in said paths. On these facts, if not a trespasser, he was there by bare suffrance. These facts are undisputed, and upon them the court should have given the general affirmative charge requested by the defendant. It is a principle of law founded on reason as well as authorities, that where a land-owner suffers persons to cross his lands without any express or implied invitation on his part, and such person wanders out of the beaten paths and falls into a pit, the land-owner is without fault or blame, and cannot be made liable in damages.—*Omaha R. R. Co. v. Martin*, 14 Neb. 295; *Sweeny v. Old Colony R. R. Co.*, 10 Allen 368;

[Bickley v. Bickley.]

*E. & T. R. R. Co. v. Griffin,* 100 Ind. 221.

As to the third ground of the motion, it was shown by the affidavit of the clerk that the brief of defendant's counsel was accidentally placed in the file of papers which was given to the jury upon their retirement to consider of their verdict. It was also shown by the affidavits of all the jurors that this brief of counsel was not considered or examined by the jury; that it did not have any influence or effect upon their verdict; that the cause was decided by the jury solely upon the facts offered in evidence and the charge of the court. There was no evidence imputing any improper motive to the defendant or to any one connected with the case in the brief's getting into the file of papers which were carried out by the jury. Under these facts the case is brought within the doctrine of *Clay v. City Council,* 102 Ala. 299.

As in the opinion of this court on the undisputed facts, the general charge requested by the defendant should have been given, it is immaterial and unimportant whether the two written charges given at the request of defendant upon a particular phase of the evidence, were erroneous or not, for if error, it was manifestly error without injury.

For the reasons stated above, the judgment of the court in granting a new trial must be reversed and a judgment will be here rendered denying the motion.

Reversed and rendered.