(88 South. 753)

BICE v. STEVERSON. (5 Div. 746.)

(Supreme Court of Alabama. April 21, 1921.)

1. Appeal and error ⊸1040(4) — Sustaining of demurrer to counts harmless, where plaintiff had benefit of matters alleged under other counts.

The sustaining of demurrers to some of the counts of the complaint was harmless, where plaintiff had the full benefit of the matters alleged therein under other counts.

2. Appeal and error ⊸1040(3) — Sustaining of demurrer to counts harmless, where evidence could not in any aspect have supported the deed.

In action under Employers' Liability Act (Code 1907, § 3910) for injuries to employé sustained while attempting to go on top of moving freight car being loaded with lumber by employer, but which was the property of the railroad, and not of the employer, the sustaining of demurrer to counts framed under subdivision 1, making employer liable for an injury caused by a defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the master or employer, if error, was harmless, since the evidence could not in any aspect have supported such counts, the car not being a part of the ways, works, machinery, or plant connected with or used in the employer's business.

3. Master and servant ⊸106(2) — Employer loading carrier's defective car not liable under statute.

An employer loading a carrier's car with lumber is not liable for injuries to an employé from defects in car under Employers' Liability Act (Code 1907, § 3910, subd. 1), the car not being a part of the "ways, works, machinery, or plant connected with or used in the business" of the employer.

4. Master and servant ⊸258(4)—Willful or wanton count held insufficient.

In action for injuries to an employé attempting to board a moving car, complaint alleging that employer's superintendent willfully, wantonly, or intentionally ordered him to go upon the car, knowing that such action would be attended with great danger, and that the employé would probably be injured unless he exercised great care in so doing, without alleging that the superintendent willfully, wantonly, or

intentionally caused employé to be injured, *held* insufficient as a willful or wanton count.

**5. Pleading ⟛8(17)—Allegation that plaintiff negligently attempted to board car while in front thereof held sufficient statement of fact.**

In action for injuries to employé attempting to board a moving car, on orders of the superintendent, plea alleging that it was reasonably safe to board car on the side and on the rear, and that the employé had knowledge of such fact, or could, in the exercise of reasonable care, have had knowledge thereof, but negligently attempted to board car while in front thereof, knowing that to do so was dangerous, and that in attempting to climb upon the top of the car he negligently caused or allowed his foot to be caught under the wheels of the moving car, *held* to sufficiently state the act of negligence relied on as a fact, and not merely as a conclusion.

**6. Pleading ⟛8(17)—Allegation of contributory negligence in that plaintiff failed to keep in position to avoid injury held a conclusion.**

In action for injuries to employé sustained in attempting to get on top of freight car, plea alleging that plaintiff was guilty of contributory negligence in that, attempting to go upon the car, he was negligent in failing to keep himself in such position as to avoid injury, and that he had sufficient mental capacity to avoid being injured, and by exercise of reasonable care could have avoided the injury, *held* insufficient, in that it stated mere conclusions, and not facts.

**7. Appeal and error ⟛1040(14)—Overruling of demurrer to pleas held harmless in view of other good pleas.**

Overruling of demurrer to contributory negligence plea was harmless where other good pleas comprehended all the acts of contributory negligence relied on in such plea, and which the evidence tended to support, and where the question of such evidence was fully submitted to the jury.

**8. Master and servant ⟛289(14)—Contributory negligence of minor employé boarding moving car held for the jury.**

In action for injuries to a 16 year old employé, sustained in attempting to get on top of a moving car on orders of the superintendent, the question of contributory negligence *held*, under the pleadings, a question of fact for the jury.

**9. Master and servant ⟛274(2) — Evidence held admissible on issue of contributory negligence in boarding car.**

In an action for injuries to a 16 year old employé, in which it was claimed that he was contributorily negligent in the manner in which he attempted to get on top of a moving car, examination of the employé as to a former occasion when he was riding on the freight train *held* proper.

**10. Master and servant ⟛274(2) — Evidence held admissible on issue of contributory negligence in boarding car.**

In an action for injuries to a 16 year old employé, in which it was claimed that he was contributorily negligent in the manner in which he attempted to get on top of a moving car, examination of witness as to whether he had within a year seen the employé get on and off freight trains *held* proper.

**11. Evidence ⟛474(7) — Father of plaintiff competent witness as to fact of plaintiff's inexperience in boarding freight train, but could not give opinion.**

In action for injuries to a 16 year old employé, sustained in attempting to get on top of a moving freight car, in which it was claimed that the employé was contributorily negligent in the manner in which he attempted to get on top of car, it was competent for the employé's father to testify as to employé's inexperience in getting on and off moving freight trains, if he knew it as a fact, but it was not competent to state whether the employé had any experience in operating cars or setting brakes on such cars, and his answer that "he hadn't any experience, scarcely," was too clearly an expression of opinion to be competent.

**12. Witnesses ⟛363(1)—Interest of witness in parties or issues may be shown.**

An adversary witness may be shown to be interested in the parties or the issues, and to have been improperly influenced.

**13. Evidence ⟛317(2) — Witnesses ⟛372(2)—Cross-examination as to whether defendant's attorney had told witness that plaintiff wanted him as a witness held improper.**

It was improper for plaintiff's counsel to ask one of defendant's witnesses on cross-examination if one of defendant's attorneys told him a short while before that plaintiff wanted him as a witness, such fact having no tendency to impeach or discredit the witness and being hearsay.

**14. Witnesses ⟛379(4)—May be impeached by evidence of former contradictory statement.**

When the testimony of a witness is materially different from written statement made by him, he may be impeached by the introduction of contradictory statement.

**15. Appeal and error ⟛971(3)—Exclusion of question as to whether statement signed by witness was untrue held not error.**

Where a witness had been impeached by introduction in evidence of a written statement, exclusion of question "Then this statement you signed your name to is untrue?" *held* not error, the allowance of such questions being in the sound discretion of the judge, and not reviewable.

**16. Master and servant ⟛289(37)—Contributory negligence in complying with order for jury.**

Where a superintendent, duly empowered, gives an order to an employé to do a thing which, though dangerous, need not necessarily, nor even probably, result in injury to him, the mere fact that he appreciates the danger in doing the thing commanded will not, as a matter of law, render his obedience an act of contributory negligence, the question ordinarily being one for the jury.

⟛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**17. Master and servant ⊕⟶245(4)—Contributory negligence in obeying order knowing of danger.**

The question whether an employé was negligent in obeying superintendent's order, knowing the danger of so doing, depends on whether the danger to be encountered was so obvious and so imminent that a person of reasonable prudence would avoid the exposure that might result from obedience.

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

Action by Emerson Bice, by next friend, against John M. Steverson, for damages for personal injuries. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The allegations common to all the counts of the complaint are that plaintiff was a minor, 16 years of age, and was in the service and employment of defendant, and engaged in aiding in checking lumber and loading same upon a railroad car, at Kellyton, Ala. Under the direction of one M. A. Baker, who was in the employ of the defendant, and had the superintendence of the loading and checking of the said car, and while plaintiff was so engaged, he was directed by the said Baker to go upon the car, which was on the railroad track, and which was loaded with heavy logs, and set the brakes thereon while said car was in motion, but which did not have an engine or other motive power attached to it. That, in attempting to get upon said car for the purpose of setting the brakes, as directed by said Baker, plaintiff's left foot was caught under one of the wheels or trucks of said car, and so badly mashed or crushed that it had to be amputated between the ankle and the knee.

The first count avers the negligence to be that the said injuries were proximately caused by the said negligence of the said Baker, who was in the service or employment of the defendant, and who had intrusted to him the superintendence of the loading of said lumber and of the handling of said car, whilst in the exercise of such superintendence, in negligently ordering or directing plaintiff to go upon said car and set the brakes thereon, after the said Baker had caused said car to be put in motion.

The second count avers plaintiff's immature years and want of experience in the kind and character of work which he was directed to do by the said Baker, and that he was not instructed by the defendant or by the said Baker, or by any one else, as to the manner in which said work should be done, or as to the dangers attendant upon the doing of said work, in which he was directed by the said Baker.

The third count was based upon the de-fects in the condition, of the ways, and works, etc., of the defendant.

Count 10 avers that his said injuries were proximately caused by reason of the willful, wanton, or intentional negligence of said Baker, superintendent, etc., in this: After the said Baker had caused said car, which was at the time loaded with heavy logs, to be set in motion on said railroad track, without any locomotive or other motive power attached thereto, with which to control said car while said car was moving along the track which it was on, and going down grade, said M. A. Baker ordered or directed plaintiff to go upon said car while the same was moving along the track, and set the brakes thereon, although the said Baker knew at the time that in order to do so plaintiff would have to go in front of said car, and climb upon same at the front end of said car, and knew that such action would be attended with great danger to the plaintiff, and knew that, unless great care was exercised by the plaintiff in his efforts to go upon said car and set the brakes thereon, the plaintiff would probably suffer great injuries; the said Baker, in utter disregard of the safety of plaintiff, and with reckless indifference to his safety, willfully, wantonly, or intentionally ordered or directed plaintiff to go upon said car and set the brakes thereon, and plaintiff's said injuries were proximately caused by said willful, wanton, or intentional action or conduct of the said Baker in so ordering plaintiff to go upon said car.

Count 11 charges as for a defect in the ways, in that there was no sufficient step or ladder on the side of the car, but requiring plaintiff to go around in front of car to get on it.

The following are the pleas referred to:

(6) For further plea and answer to the complaint, and to each count thereof the defendant says that the plaintiff was guilty of negligence which proximately contributed to his injury in this: That in attempting to go upon said car and set the brakes he negligently failed to keep himself in such position as to avoid injury by the moving car, and that he had sufficient mental capacity to avoid the same, and, by the exercise of reasonable care, could have avoided the same, and that his injury resulted from his failure to avoid the same.

(12) The plaintiff was guilty of contributory negligence which proximately contributed to the injury complained of in this: That there was a reasonably safe place and way for the plaintiff to have gone up on top of said car, to wit, the side of the said car, on the rear end of said car, notwithstanding which fact was known to the plaintiff or could have been known by the exercise of reasonable care on his part. The plaintiff negligently went around in front of said moving car, negligently attempted to get upon said car in front of same while the same was running, well knowing, at the same time, that to do so was dangerous, and as a proxi-

mate consequence thereof received the injuries complained of.

(13) The plaintiff was guilty of negligence which proximately contributed to his injury and consequent damages in this; in attempting to climb upon the top of said car, as alleged in the complaint, the plaintiff negligently caused or allowed his foot to be caught under the wheels of said moving car, causing the injuries complained of, which negligence on the part of the plaintiff proximately contributed to the injury complained of.

The following charges were given for the defendant:

(15) If you are reasonably satisfied from the evidence in this case that the plaintiff knew what he was doing in attempting to board the car, and if you are further reasonably satisfied from the evidence that he appreciated the danger in attempting to go upon the car, then your verdict should be for the defendant.

(16) If you are reasonably satisfied from the evidence in this case that it was dangerous for the plaintiff to attempt to go upon the car in the manner in which he did, yet, if you are further reasonably satisfied from the evidence that the plaintiff appreciated the danger at the time that he undertook to go upon the car, your verdict should be for the defendant.

James W. Strother, of Dadeville, for appellant.

Count 1 was good, as was count 2. 143 Ala. 632, 42 South. 27. Counts 3 and 11 were not subject to the demurrers. 141 Ala. 206, 37 South. 445; 91 Ala. 487, 8 South. 552; 6 Ala. App. 423, 60 South. 526. Plaintiff was entitled to recover under his replication. 132 Ala. 368, 31 South. 96; 111 Ala. 401, 20 South. 484; 110 Ala. 201, 17 South. 672; 158 Ala. 169, 48 South. 475. Counsel discuss other assignments of error, but without further citation of authority.

Riddle & Riddle, of Talladega, for appellee.

Counsel treat errors assigned, as treated in appellant's brief, but they cite no authority.

SOMERVILLE, J. [1] If there was error in sustaining the demurrers to counts 1 and 2 of the complaint, based upon the negligence or the negligent order of defendant's superintendent Baker, it cannot be held as prejudicial, since plaintiff had the full benefit of the matters therein alleged under counts 5, 6, 7, 8, or 9.

[2] Counts 3 and 11 are framed under subdivision 1 of the Employers' Liability Act (Code, § 3910). If the demurrers to these counts were improperly sustained, the rulings were not prejudicial, for the reason that the evidence could not, in any aspect, have supported the charge of these counts that plaintiff's injury was the result of "a defect in the ways, works, machinery, or plant connected with or used in the business of the defendant." The only contention is, as spec-ified in count 11, that there were no sufficient steps or ladder on the side of the car upon which the plaintiff could mount to reach and apply the brake at the front end of the car, so that it was necessary for him to go around in front of the car and mount upon the step or stirrup at that end.

[3] The car in question was the property of the railroad company, and used for the transportation of freight. It was not a part of the ways, works, machinery, or plant connected with or used in the business of defendant in any sense comprehended by the statute. Defendant had nothing to do with its construction, and was in no way responsible for its condition as to steps or handholds; and the mere fact that the railroad company left the car at a point on its side track for the convenience of defendant in loading his timber upon it for shipment over its line, did not alter his relation to the car, nor render him responsible for its structural inconvenience, if any there were. Manifestly, he was bound to use it in the condition in which he found it. See Seminole Graphite Co. v. Thomas, ante, p. 222, 87 South. 366.

[4] Count 10 does not charge that defendant's superintendent willfully, wantonly, or intentionally caused plaintiff to be injured, but only that he willfully, wantonly, or intentionally ordered plaintiff to go upon the car and set the brake, knowing that such action would be attended with great danger, and that plaintiff would probably be injured unless he exercised great care in so doing. It is wholly insufficient as a willful or wanton count. B., R. L. & P. Co. v. Brown, 150 Ala. 327, 43 South. 342. And, as it does not charge negligence, it states no cause of action, and was properly eliminated. C. of G. Ry. Co. v. Freeman, 134 Ala. 354, 32 South. 778; So. Ry. Co. v. Bunt, 131 Ala. 591, 32 South. 507.

The nature and circumstances of plaintiff's injury conclusively show that the only ground upon which he could have recovered was the superintendent's alleged negligence in directing him, a 16 year old boy of limited experience, to get on the car while moving and set the brake. Whether that order was in fact given, and whether, if, as given, it was under all the circumstances of the case a negligent breach of the superintendent's duty to plaintiff, was a question of fact for the jury, and the issue was fully and fairly submitted for their determination.

[5] Of the special pleas of contributory negligence to which demurrers were overruled, pleas 12, 13, and 16 sufficiently state the act of negligence relied on as a fact, and not merely as a conclusion, and those pleas were not subject to the grounds of demurrer assigned.

[6, 7] Plea 6, on the other hand, was clearly subject to the demurrer on that ground, and the demurrer was erroneously overruled. However, as the other good pleas compre-

hended all of the acts of contributory negligence which were relied upon, and which the evidence tended to support, and as the question of such negligence was fully submitted to the jury under the instructions given to them by the trial judge, the error in allowing this plea to go to the jury could not possibly have affected the result prejudicially to plaintiff.

[8] Under the special pleas and the several special replications thereto, the issue of defendant's liability was a question of fact for the jury.

[9-11] Plaintiff's knowledge of freight cars and their structure, and his experience in getting on and off of them, was put in issue by the pleadings. It was therefore proper for defendant to inquire of plaintiff, with respect to a former occasion when he was riding on a freight train, as to the kind of train it was, and the part of the train he was on. It was proper also to ask the witness Brooks if he had, within a year or two, seen plaintiff get on and off of moving freight trains. So, also, it was competent for plaintiff's father to testify as to plaintiff's inexperience, if he knew it as a fact. But it was hardly within the issue to ask him if plaintiff had had any experience "in operating cars, or setting brakes on cars of that kind"; and his answer that "he hadn't had any experience, scarcely," was too clearly the expression of an opinion to be competent. Moreover, on cross-examination by defendant, the witness stated without objection that plaintiff had had no such experience at all. In any view of the matter, the ruling complained of was not prejudicial error.

[12, 13] While it is always proper to show the interest of an adversary witness in the parties or the issues, and that he has been improperly influenced in the giving of his testimony, it was clearly improper to ask one of defendant's witnesses on cross-examination if one of defendant's attorneys told him a short while before that "Mr. Steverson wanted him as a witness." Conceding the fact, it had no tendency to impeach or discredit the witness, and it was properly excluded as hearsay.

[14, 15] When the testimony of a witness is materially different from another statement made by him, he may, of course, be impeached by the introduction in evidence of his former contradictory statement. But it was not error for the trial judge to exclude the question to defendant's witness Niblett, who had been thus impeached: "Then this statement you signed your name to * * * is untrue, is it?" So. Ry. Co. v. Cochran, 149 Ala. 673, 42 South. 100.[1] The allowance of

such questions is in the sound discretion of the judge, and will not be reviewed. The contradiction was here sufficiently apparent, and both statements could not have been true, as the jury could readily see.

Special charges 15 and 16, given to the jury at the instance of defendant, are erroneous statements of the law applicable to this case, and their giving must be held as prejudicial error.

[16] Where a superintendent duly empowered gives an order to an employé to do a thing which, though dangerous, need not necessarily, nor even probably, result in injury to him, the mere fact that he appreciates the danger in doing the thing commanded will not, as a matter of law, render his obedience an act of contributory negligence. In such cases the master and servant do not stand on an equal footing. The duty of obedience and the right to rely within reasonable limits upon the skill and judgment of the master or his superintendent, presumptively superior to his own, combine to temper the ordinary promptings of prudence and care, and the servant is not bound at his peril to set his own judgment above that of his superior. Ala. S. & W. Co. v. Tallant, 165 Ala. 521, 532, 51 South. 835, citing 2 Labatt on Master and Servant, 2021.

[17] The question of the servant's negligence in such cases is ordinarily one for the jury, and the test is whether the danger to be encountered was so obvious and so imminent that a person of reasonable prudence would avoid the exposure that must result from obedience. The rule which thus qualifies the ordinary duty of prudence and care in the avoidance of injury by the servant is, of course, peculiarly appropriate when the servant is, as here, a boy of 16, and comparatively inexperienced.

The charges complained of amounted, under the evidence, to an affirmative instruction for defendant. The error in their giving must work a reversal of the judgment.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in the Alabama Reports.