(114 So. 412)

**DAVIS v. HUMPHREY et al.**    (8 Div. 931.)

Supreme Court of Alabama. Nov. 10, 1927.

1. **Trial** &#x1F511;191(7)—**Instruction in automobile injury case, assuming defendant's version of facts was true, notwithstanding plaintiff's contrary testimony, held erroneous.**

Giving instruction in automobile injury case, assuming that plaintiff, when injured, was crossing the street, and, under evidence, implying also that defendant was driving his car on the right side of the street, notwithstanding plaintiff's testimony to the contrary, *held* error.

2. **Municipal corporations** &#x1F511;705(10)—**Pedestrian crossing street need exercise only reasonable care to avoid injury by automobile.**

Pedestrian crossing street is not under same duty to stop, look, and listen as one crossing railroad, but must exercise only such reasonable care to avoid injuries by automobiles as circumstances may require.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Action for personal injuries by David Davis against Walter Humphrey and Murray Sanders. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Watts & White, of Huntsville, for appellant.

The giving of charges 3 and 4 at defendants' request constituted reversible error. Smith v. Bachus, 201 Ala. 534, 78 So. 888; Renfroe v. Collins, 201 Ala. 489, 78 So. 395; Minor v. Coleman, 16 Ala. App. 5, 74 So. 841; W. Ry. v. Madison, 16 Ala. App. 588, 80 So. 162.

R. E. Smith, of Huntsville, for appellees.

Charges 3 and 4 were correct and given without error. Racine Tire Co. v. Grady, 205 Ala. 423, 88 So. 337; Scott v. State, 152 Ala. 63, 44 So. 544; Holley v. State, 9 Ala. App. 33, 63 So. 738.

SAYRE, J. Clinton street runs east and west. There had been a heavy rain, and it was still drizzling. It was dark. The case which had support in plaintiff's evidence was that he had been walking west along the north side of Clinton street "at the edge of the gutter, about where the black top united with the concrete gutter," but was in the act of stepping up on the sidewalk when the automobile driven by one of the defendants east along the street, without lights or signals of approach, struck and injured him. His reason for walking in the street was that the sidewalk was in bad condition, and had on it more water than had the street. He denied that he had been on the south side of the street. The defendants' version of the facts was that plaintiff was crossing the street from the south to the north side; that the automobile, with light burning, was being driven east along the south side of the street; and that the driver of the car did not, and could not, see plaintiff until so close upon him that the accident could not be avoided. The pleas in short by consent were "not guilty" and "contributory negligence." The verdict was for defendants.

[1] The court on defendants' request charged the jury as follows:

"(3) The court further charges the jury that, if you believe from the evidence in this case that plaintiff knew automobiles or vehicles would probably be approaching the point where he was crossing the street, at the time he was so crossing, and in such close proximity to him that he would probably be injured by them, unless he exercised reasonable care in looking up and down said street for such approaching vehicle, and if you further believe from the evidence that, through carelessness or inattention, he proceeded across said street, without looking up and down said street for such approaching vehicle, and as a proximate consequence thereof sustained his alleged injuries, then you cannot find a verdict for the plaintiff.

"(4) The court charges the jury that, if you believe from the evidence that plaintiff knew automobiles or vehicles would probably be approaching the point where he was crossing, or attempting to cross, the street at the time he was so crossing, and in such close proximity to him that he would probably be injured by same, unless he exercised care in looking up and down said street for such approaching vehicle, and if you further believe from the evidence that he did not exercise reasonable care, and, without looking up and down said street for such approaching vehicle, and without necessity therefor he placed himself in a position of obvious peril, he would be guilty of such contributory negligence as to bar his right of recovery in this case, if you further believe from the evidence that such negligence proximately contributed to cause his injuries."

These charges should not have been given. Prejudicially to plaintiff they touched upon an important phase of the controversy between the parties by assuming that plaintiff, when struck, was in the act of crossing the street; meaning, inferentially at least, that plaintiff's version of the facts was not to be accepted as true. According to the inference thus indorsed by the court, not only was plaintiff crossing the street, his testimony to the contrary notwithstanding, but, in connection with evidence offered by defendants, the defendant driving the car was on the right, instead of the left, side of the street as he drove, this last assumption being also a matter of importance. The solution of the contentions thus brought into view must have exerted weighty influence upon the general conclusion reached by the jury. The questions involved were proper for submission to the jury, but they should have been left free to make their decision unhampered and unembarrassed by any assumption on the part of the court.

[2] Moreover, it may be well to note that, if plaintiff was crossing the street, the rule in that case, prevailing in this state, is that a pedestrian crossing a street is not under the same exigent duty to stop and look and listen as one who crosses a railroad, though, of course, he must exercise such reasonable care as the attendant circumstances may require. Barbour v. Shebor, 177 Ala. 304, 58 So. 276; Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173; Tillery v. Walker, 216 Ala. 676, 114 So. 137.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.