72 So.2d 294

**FAUST   v.   MILLER et al.**

**4 Div. 551.**

Supreme Court of Alabama.

March 11, 1954.

Rehearing Denied May 13, 1954.

Prestwood & Prestwood, Andalusia, for petitioner.

Baldwin & Baldwin, Andalusia, opposed.

Brown & Stegall, Ozark, for appellant.

W. R. Martin, Ozark, for appellees.

SIMPSON, Justice.

Statutory action of ejectment. The plaintiff suffered an adverse judgment below and has appealed.

This was the second suit of the kind brought by the plaintiff against the defendants for the same land, in which the same title was put in issue by the plea of not guilty, the plaintiff having been cast in the former suit also. Code 1940, Tit. 7, § 959.

The principal proposition advanced as error to reverse is grounded on the refusal of the trial court to grant the plaintiff a new trial because the jury took with it certain unauthorized papers into the jury room when it retired to make up the verdict. These unauthorized papers were certified copies of the pleadings and the verdict of the jury in the first case, in which the plaintiff was also unsuccessful, the verdict being the same as in the instant one, "for the defendants."

It seems to be conceded that no one was guilty of any impropriety in regard to the matter, but the papers were by accident or inadvertence delivered to the jury by someone unidentified, along with the authorized documents and papers. There is no charge or showing that the defendants or their counsel knew of this incident or were in any wise guilty of any misconduct in that regard.

The pertinent rule in this jurisdiction is thus stated in Birmingham Ry. & Electric Co. v. Mason, 144 Ala. 387, 391, 39 So. 590, 592: "* * * 'where papers which should not properly go to the jury are sent to the jury room through inadvertence or accident, and not through the connivance of the prevailing party, the verdict will not ordinarily be set aside on that account, if it does not appear that the unsuccessful party was prejudiced thereby.' * * *"

The rule is different where the misconduct is due directly to an improper act of the prevailing party and as a general proposition the verdict will be set aside without reference to the question of resulting injury. Craig & Co. v. Pierson Lumber Co., 169 Ala. 548, 53 So. 803.

In the case at bar it is clearly shown by the affidavits of eleven jurors (the twelfth juror not having deposed in the case) that the plaintiff's case was in no way prejudiced by the presence of these unauthorized documents in the jury room. The affidavit of each juror was to the effect either that he did not remember the papers being in the file or never saw them before making the affidavit and that the verdict for the defendants was the unanimous verdict of the jury based solely on the evidence submitted to them under the charge of the court and that no consideration was given these unauthorized papers. The later supplemental affidavits of two of the jurors to the general effect that if the unauthorized papers were among the other papers given to them, these papers were considered since "the jury looked at all the papers," are too ambiguous in meaning to cast the least doubt on the verity of the other affidavits, including their own. The court ruled correctly in denying the motion for new trial on the stated ground. To justify the court in acting favorably on such a ground in the motion for new trial, "there must at least be some evidence that the act complained of had probably exerted some influence in obtaining the verdict." Clay v. City Council of Montgomery, 102 Ala. 297, 301, 14 So. 646, 647, Stone, C. J.

The following cases, in addition to those cited above, bear analogy and sustain the trial court in refusing to grant the new trial. Louisville & N. R. Co. v. Sides, 129 Ala. 399, 29 So. 798; Leith v. State, 206 Ala. 439, 90 So. 687; Dulaney v. Burns, 218 Ala. 493, 119 So. 21; Reed v. L. Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237; Kates Transfer & Warehouse Co. v. Klassen, 6 Ala.App. 301, 59 So. 355.

The ground. of the motion that the verdict was against the great weight of the evidence was likewise untenable. The plaintiff's claim of title was derived through a mortgage which defendants contended had been paid before foreclosure, and there was evidence for the defendants which, if believed, justified the verdict. True, the countervailing evidence was impressive to the contrary, but under our settled rule of review, this court will not substitute its own judgment for that of the trier of facts at nisi prius on conflicting evidence, and this even though the conclusion of the reviewing court might have been different. Mobile City Lines v. Alexander, 249 Ala. 107(5), 30 So.2d 4.

So also, there was no error in giving for the defendants the charge that "if the jury believed the mortgage on which R. L. Faust [plaintiff] relies for his foreclosure deed was paid to J. E. Z. Riley [mortgagee] in his lifetime, then the jury must find for the defendants." This was the issue for decision and the court was correct in giving the charge.

Finally, it is argued for appellant that prejudicial error prevailed in the action of the trial court in refusing to give for him the written requested charge that "if you [jury] are satisfied from the evidence that Lowell Sammons was agent of W. J. Miller [mortgagor] in securing Faust [plaintiff] to buy the mortgage then Miller would be bound by his acts as such agent." We regard the charge as confusing and misleading in that the real issue was whether or not the mortgage had been paid before having been transferred to Faust and whatever relationship might have existed between Sammons and Miller would have only been a circumstance bearing on that issue.

No error to reverse is made to appear.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.