259 So.2d 240

**Elizabeth CARR**

v.

**John James IRONS, Jr.**

**Doris CARR, as Executrix, etc.**

v.

**John James IRONS, Jr.**

**1 Div. 695, 1 Div. 695–A.**

Supreme Court of Alabama.

March 2, 1972.

Inge, McMillan & Inge, Mobile, for appellants.

**212**

Hand, Arendall, Bedsole, Greaves & Johnston, and Jerry A. McDowell, Mobile, for appellee.

HARWOOD, Justice.

Elizabeth Carr was struck by an automobile driven by John James Irons, Jr., at the intersection of Warren and Dauphin Streets in the City of Mobile.

Thereafter Elizabeth Carr brought suit against Irons. The complaint averred simple negligence and sought damages for personal injuries. Elizabeth Carr's husband, T. C. Carr, also brought a derivative suit and sought damages for loss of consortium of his wife, and for hospital and medical expenses. His complaint likewise is in one count and except for its derivative nature was in all material respects the same as the complaint filed by Elizabeth Carr.

The two cases were joined for trial. The jury returned verdicts for the defendant in each respective case, and judgments were entered pursuant to the verdicts. Each plaintiff perfected an appeal to this court which appeals were consolidated for review by this court.

T. C. Carr having died during the pendency of his appeal it was, on proper motion, revived in the name of Doris Carr, as Executrix under the last will and testament of T. C. Carr, deceased, as appellant, the appellee of course remaining as John James Irons, Jr.

The defendant filed four pleas to the respective complaints, one plea of the general issue and three pleas (pleas 2, 3, and 4) averring contributory negligence.

The plaintiff filed demurrers to the pleas of contributory negligence in each case. These demurrers were overruled and this action of the court is the basis of plaintiffs' assignments of error 1, 2, and 3 in each case.

Assignment of error No. 1 asserts error in the overruling of plaintiffs' demurrer to the defendant's plea No. 2 of contributory negligence.

This plea reads:

"At the time and place complained of in the plaintiff's complaint, to-wit, March 29 1968, the plaintiff herself was guilty of negligence which proximately contributed to her own injuries and damages in that she negligently walked into the path of an automobile that was being operated by the defendant John James Irons, Jr., on Warren Street, at or near its intersection with Dauphin Street, public streets in the City and County of Mobile, State of Alabama, as a proximate result of the negligence of the plaintiff as aforesaid, plaintiff proxi-

mately contributed to her own injuries and damages; hence, plaintiff ought not recover."

Assignment of error No. 2 charges error because of the overruling of plaintiffs' demurrer to the defendant's plea No. 3 of contributory negligence which reads:

"At the time and place complained of in the plaintiff's complaint, to-wit, the 29th day of March 1968, the plaintiff herself negligently failed to exercise reasonable care for her own safety in that she walked into the path of an automobile that was being operated by the defendant John James Irons, Jr., on Warren Street, at or near its intersection with Dauphin Street, both being public streets in the City and County of Mobile, State of Alabama, at a point and time when it could not be done so with reasonable safety, and as a proximate result of the plaintiff's negligence as as aforesaid, plaintiff proximately contributed to her own injuries and damages; hence, plaintiff ought not recover."

Assignment of error No. 3 pertains to the overruling of plaintiffs' demurrer to plea No. 4 of contributory negligence. This plea is much lengthier than pleas 2 and 3 set out above, but sets up the same acts of the plaintiff as constituting contributory negligence as do pleas 2 and 3. We have not set out plea No. 4 in the interest of brevity in that if pleas 2 and 3 are good, and comprehended all of the acts of contributory negligence which were relied on, and which there was evidence tending to support, and the question of such negligence was submitted to the jury under proper instructions by the trial judge, no error would have resulted in allowing plea No. 4 to go to the jury. Bice v. Steverson, 205 Ala. 576, 88 So. 753. We do not wish to be understood, however, that because we are pretermitting consideration of plea No. 4 that we deem it insufficient.

Rule 37 of the Rules of Practice in the Circuit and Inferior Courts (see Title 7, Recompiled Code of Alabama 1958), in parts pertinent to this review, provides:

"In pleading contributory negligence no greater particularity of averment as respects the acts, omissions, conduct or behavior relied on as constituting contributory negligence is required than is required in averring, in a complaint, the acts, omissions, conduct or behavior relied on as constituting negligence."

Since the adoption of Rule 37, above mentioned on 18 June 1942, if a plea of contributory negligence sufficiently shows a duty to a defendant imposed by law upon a plaintiff to exercise reasonable care, a breach of that duty, and that such breach of duty owed by a plaintiff to a defendant was the proximate contributing cause of plaintiff's injury, such plea is sufficient. Walker v. Bowling, 261 Ala. 46, 72 So.2d 841, and cases cited therein; Logan v. Windbigler, 282 Ala. 1, 208 So.2d 201.

The driver of an automobile, and a pedestrian on a public highway or street, each owe to the other the duty to exercise such reasonable care as the attendant circumstances may require. Davis v. Humphrey, 217 Ala. 30, 114 So. 412; Cooper v. Agee, 222 Ala. 334, 132 So. 173.

There is no dispute but that the accident took place on a public street in Mobile. Therefore as a matter of law the plaintiff owed to the defendant a duty to use reasonable care in crossing the street.

Measured by the above standards, we hold that the trial court properly overruled the demurrer to pleas 2 and 3, and therefore no merit attaches to assignment of errors 1, 2, nor would reversible error attach to assignment of error No. 3 for the reasons above stated.

Assignment of error No. 4 charges error because of the court's action in denying the plaintiffs' motion for a mistrial because of the misconduct of a juror.

It appears from the record that soon after the jury had been selected and had taken their places in the jury box, the court

instructed them that they were not to discuss the case with anyone, not even among themselves, etc.

It further appears that on the evening of the first day of the trial one of the women jurors went to a beauty parlor. A secretary of the firm of lawyers representing the plaintiffs was also in the beauty parlor.

It being made known to the court in some manner that the juror had talked about the case while in the beauty parlor, the court conducted a hearing in his chambers concerning the matter.

The secretary was the only witness examined at this hearing. Her testimony was to the effect that the juror in question came into the beauty parlor and told "Betty," the operator of the beauty parlor that she wanted her hair fixed so she would look nice—that being on a jury was an interesting experience and something that everyone would have to do as a citizen. The juror then stated that the case was an accident case "and she said something about the woman (plaintiff) having to have help to get on the witness stand but that she came by me pretty fast when I was leaving the courtroom."

The secretary then asked what courtroom she was in "and when she said No. 5, I knew it was this case." The secretary then asked if Mrs. Carr had testified and apparently received an affirmative answer.

In response to questions by the court, the secretary testified no one suggested to the juror how the case should be decided, nor did anyone try to influence the juror how to vote.

The above outline depicts all that apparently occurred in the beauty parlor.

The court denied the plaintiff's motion for a mistrial based on the above incident.

In Blakeney v. Alabama Power Co., 222 Ala. 394, 133 So. 16, and Hood v. Kelly, 285 Ala. 337, 231 So.2d 901, this court considered remarks made by jurors during trial recesses. In *Hood,* supra, the juror remarked "he didn't think the plaintiff had any case", and in *Blakeney,* supra, the remark was that the juror did not see why Mr. Smith (plaintiff's attorney) brought this suit. "He has not brought any evidence against the Alabama Power Company."

The above two cases lay down the rule that to grant a new trial, or as in this case a mistrial, the conduct of the juror should be such as to indicate bias or corruption in the performance of his duty, or the circumstances should indicate that his misconduct influenced the verdict rendered. In each of the above two cases this court held that no error resulted in the action of the trial court in denying a motion for a new trial because of the remarks by the juror in each respective case.

We consider the remark of the juror in the present case more benign than the remarks considered in *Hood* and *Blakeney.* Actually the remark pertained to nothing more than the juror's personal observation of Mrs. Carr's conduct during the trial rather than an indication that the juror was biased, corrupt, or that her alleged misconduct was influential in the verdict rendered.

We hold that the action of the court denying plaintiff's motion for a mistrial because of the juror's conduct was well within the discretion allowed the lower court in this instance. No merit therefore attaches to assignment of error No. 4.

We do not wish to be understood in anywise as approving or condoning the conduct of the juror in this case. Obviously it was improper, but such impropriety was for the cognizance of the trial judge should he consider the juror's conduct contemptuous.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.