451 So.2d 270 (1984)
Keith HALLMARK, etc., et al.
v.
Lester E. ALLISON.
82-1209.
Supreme Court of Alabama.
May 18, 1984.
Roger L. Lucas of Emond & Vines, Birmingham, for appellants.
Thomas A. Woodall of Rives & Peterson, Birmingham, for appellee.
TORBERT, Chief Justice.
The sole issue raised in this appeal is whether the trial court erred in denying plaintiff's motion for new trial, which alleged juror misconduct in considering evidence not presented at trial. We reverse.
Justice Faulkner ably presents the facts of the case in his dissent. Therefore, we will not restate all of them here. The affidavit of juror McAlister, offered in support of plaintiffs' motion for new trial, indicates that extraneous facts were introduced into the jury's deliberation process and that those facts were "important" in reaching a decision. The plaintiffs' assertion *271 that the affidavit is admissible in support of their motion for new trial is correct when, as in this case, the affidavit is offered to show that extraneous facts were introduced to the jury and that these facts influenced the verdict. See, Whitten v. Allstate Insurance Co., 447 So.2d 655 (Ala. 1984).
In Whitten we also clarified the rule as to when juror misconduct will justify a new trial. "Juror misconduct will justify a new trial when it indicates bias or corruption, or when the misconduct affected the verdict, or when from the extraneous facts prejudice may be presumed as a matter of law." Id. at 658. In Whitten three jurors made an unauthorized examination of the scene of an accident which was the basis of the suit the jurors were hearing. In the hearing on the motion for a new trial, two jurors, one by affidavit and the other orally, said that the view of the scene influenced them to change their decision. One of the two had actually visited the scene; the other had only received information from the jurors who did view it. This Court reversed the trial court's denial of the motion for new trial, saying that "the trial court could not have found that the effect of the unauthorized views and the discussions about them were not prejudicial."
In this case the affidavit of juror Roger McAlister indicated that Mr. McAlister and another juror took measurements of pick-up trucks after the first day of deliberations; that they discussed and demonstrated their measurements and findings with other jurors; and that "the height of the truck and the boy was important in reaching [their] decision because it would be physically impossible for the boy to hit the windshield while standing straight up." It is clear that extraneous facts were introduced into the jury's deliberations. It is also clear from Mr. McAlister's affidavit that the extraneous facts did influence at least McAlister's decision, and he thought that it also influenced the other jurors' decisions. The defendant points out that there were a number of photographs introduced as exhibits at trial that had pick-up trucks in them and therefore, he says, the trial court was free to conclude that the measurements did not affect the jury's verdict.
Initially, we point out that the parties on appeal dispute the matter as to whether the plaintiffs contended at trial that the boy hit the side mirror or the windshield. We do not have the complaint in the record, but we note that defendant Allison, in both his answers to interrogatories and in his deposition, claimed that the boy did hit the windshield, and he said at trial that the impact cracked his windshield. There is in the record a photograph of defendant's pick-up with a cracked windshield. The defendant maintains that the boy "leaped" into his truck as it passed. An important issue from the defendant's standpoint, then, is whether it was possible for the windshield of the truck to strike the boy when he was standing up straight if the truck swerved off the road, or whether the boy must have "leaped" (and we presume by this that he leaped up and out) into the path of the truck as it passed and struck the windshield.
The height of the boy and the windshield were, therefore, critical in determining whether the accident must have occurred as the defendant maintained. Juror McAlister apparently understood the importance of such measurements, because he took steps to determine the height of pick-up truck windshields, and his testimony indicates that his findings were important in reaching a decision. We reject the defendant's contention that the same evidence was properly before the jury through the photographs, since it is unlikely that the jurors could have determined the exact height of the windshield from the photographs without a great deal of expertise. Although we are unable to determine whether the introduction of the extraneous facts did change the decision of the jurors, consideration of the extraneous facts was crucial in resolving a key material issue in the case, and we conclude that the trial court could not reasonably have found that *272 the introduction of the extraneous facts into the jury's deliberations was not prejudicial. In finding no prejudice, the trial court erred.
REVERSED AND REMANDED.
JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, FAULKNER and ALMON, JJ., dissent.
FAULKNER, Justice (dissenting).
Hallmark appeals the trial court's denial of his motion for new trial, which alleged juror misconduct in considering evidence not presented at trial. I would affirm.
On February 18, 1982, Conrad and Barbara Hallmark, and Keith Hallmark, a minor, by and through his next friend, Barbara Hallmark, filed a personal injury suit against Lester Allison in the Circuit Court for Jefferson County. The complaint alleged that Lester Allison negligently or wantonly operated a motor vehicle which struck and injured the pedestrian plaintiff, Keith Hallmark. The case went to trial on May 24, 1983. This court has no transcript of the trial proceedings. In his brief, Keith Hallmark states that at trial his case included the contention that he impacted with the windshield of Allison's truck. Allison, in his brief, asserts that Hallmark's contention at trial was that he was struck by the mirror on the passenger side of Allison's truck. On May 26, 1983, the jury returned a verdict in favor of the defendant Allison and against all plaintiffs.
On June 23, 1983, the plaintiffs filed a motion for new trial, alleging jury misconduct during their deliberations. The motion was supported by the affidavit of juror Roger D. McAlister. The affidavit stated, in part:
"After the first day of our deliberations, I stopped by my shop that afternoon and measured a Chevrolet pick-up truck. One of the other jurors measured a pick-up truck that he was driving. It was our opinion that Keith Hallmark could not have hit the windshield if he had been standing straight up because of the height of the boy and the height of the truck. We presented our measurements and findings to the other members of the jury on the second day of our deliberation and demonstrated with a box we had gotten coffee in and other physical objects such as ball point pens, coffee cups and such. The height of the truck and the boy was important in reaching our decision because it is our opinion that it would be physically impossible for the boy to hit the windshield while standing straight up."
A hearing on the motion for new trial was held on July 15, 1983. There is no record of the proceedings of that hearing, other than Judge Rogers's entry in the case action summary, which states:

"The motion for new trial filed by the plaintiff[s], Keith Hallmark and Barbara Hallmark, ... came on to be heard by me this date. After due consideration thereof and having heard the parties with reference thereto, the Court hereby and herewith overrules and denies said motion for new trial." (Emphasis added.)
On appeal plaintiffs argue that the trial court abused its discretion in denying their motion for new trial, since, they say, it was shown that the jury considered and was influenced by evidence not presented at trial. There is no merit to this argument.
Initially, plaintiffs are correct in their assertion that the affidavit of juror McAlister is admissible in support of their motion for new trial. Generally, jurors' affidavits will not be admitted to impeach a jury's verdict, see Lackey v. Lackey, 262 Ala. 45, 76 So.2d 761 (1955). However, it is a well-established exception to the general rule that such affidavits are admissible to show that extraneous facts were introduced to the jury and that the facts may have influenced or affected the verdict rendered. See Whitten v. Allstate Insurance Co., 447 So.2d 655 (Ala.1984); Weekley v. Horn, 263 Ala. 364, 82 So.2d 341 (1955); McCormick v. Badham, 204 Ala. 2, 85 So. 401 (1919).
*273 The historic rule in Alabama with respect to juror misconduct is that before the denial of a motion for new trial becomes reversible error, the conduct of the juror should be such as to indicate bias or corruption, or the circumstances should indicate that his misconduct influenced the verdict rendered. See Jones v. McMonigal, 409 So.2d 1381 (Ala.1982) (unauthorized view of scene of accident by jurors did not constitute bias or corruption or indicate influence on verdict so as to require new trial); Carr v. Irons, 288 Ala. 211, 259 So.2d 240 (1972) (remark of juror in beauty parlor to non-jurors did not require reversal where there was no showing of bias, corruption, or influence on verdict); Hood v. Kelley, 285 Ala. 337, 231 So.2d 901 (1970) (new trial not required where juror was related to defendant within prohibited degree by affinity, absent showing of bias or prejudice); Blakney v. Alabama Power Co., 222 Ala. 394, 133 So. 16 (1931) (juror's remark after close of evidence held not to require new trial, absent indication of bias, prejudice, unwillingness to consider argument or instructions, or corrupt intent to intervene with fellow juror); Dulaney v. Burns, 218 Ala. 493, 119 So. 21 (1928) (use by jury of dictionary not in evidence held not ground for new trial where no prejudice was shown and prevailing party had no connection with obtaining dictionary); Leith v. State, 206 Ala. 439, 90 So. 687 (1921) (movant for new trial on ground of jury's consideration of extraneous fact has burden of showing injury). See also Faust v. Miller, 260 Ala. 665, 72 So.2d 294 (1954) (to justify new trial, there must be some evidence that juror's conduct influenced verdict); Reed v. L. Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237 (1927) (juror's unauthorized view of scene of accident held harmless error); Louisville & Nashville R.R. Co. v. Sides, 129 Ala. 399, 29 So. 798 (1900) (jury's consideration of extraneous facts did not warrant new trial, absent showing of improper motive or influence upon jury); Clay v. City Council of Montgomery, 102 Ala. 297, 14 So. 646 (1893) (new trial not justified absent showing that juror's conduct influenced the verdict).
In Whitten v. Allstate Insurance Company, 447 So.2d 655 (Ala.1984), the court added a new gloss to the old rule.
In Whitten, three jurors made an unauthorized examination of the scene of the accident. This Court reversed the trial court's denial of plaintiff's motion for new trial, based upon evidence that two jurors were influenced by the extraneous facts to change their decisions about the case.
There is no transcript of the trial proceedings or the hearing on the motion for new trial in the present case. Consequently, the only evidence before this court indicating juror misconduct is the affidavit of juror McAlister. The affidavit shows that extraneous facts were before the jury in this case. The affidavit also shows, at best, that the extraneous facts were "important" to juror McAlister, and perhaps other jurors, in reaching his decision. There is no evidence in this case which indicates bias or corruption on behalf of the two jurors in measuring their pickup trucks and presenting their findings to the jury. Nor is there evidence which shows that the juror's conduct adversely affected the verdict. Thus, it is obvious to me that, under the historic rule for juror misconduct, a new trial is not warranted in this case. See authorities cited above.
Furthermore, there is no evidence from juror McAlister's affidavit that any juror was influenced on the basis of the extraneous facts to change his decision. Further, the record does not show that there was any evidence presented from which the trial judge could presume that without exposure to the extraneous facts the jury would have voted differently in the present case. Prejudice, therefore, could not be presumed as a matter of law in the instant case. See Whitten, supra.
Generally, the granting or refusing of a motion for new trial rests within the sound discretion of the trial court, the exercise of which carries with it a presumption of correctness which will not be disturbed on appeal unless plainly and palpably erroneous. *274 Hill v. Cherry, 379 So.2d 590 (Ala. 1980).
Based on the record before this court, and tested by the authorities noted above, I would find that the trial judge was correct in denying plaintiffs' motion for new trial in this case, and would, thus, affirm.
MADDOX and ALMON, JJ., concur.