JONES, Justice.
In a suit for wrongful death claiming negligent and wanton conduct, the trial court, at the close of plaintiffs evidence, directed a verdict for the defendant on all claims. From a judgment denying plaintiff’s post-trial motion for a new trial, plaintiff appeals.
In support of the trial court’s directed verdict on the negligence claim, defendant’s counsel argues in brief as follows:
“Snow’s argument on [the negligence] issue tends to center on whether Parrish was negligent in the operation of his vehicle and totally ignores the lower court’s reasoning in granting directed verdict on this issue — the contributory negligence of decedent Snow. The lower court determined that there was a scintilla of evidence supporting the proposition that Parrish was operating his vehicle at an excessive rate of speed. Additionally, the lower court ruled that the deceased had a blood alcohol content level of .29 at the time of her death. ...
“The evidence established that the deceased was in the travelled portion of the highway when she was struck by Parrish. In its ruling, the trial court also relied upon § 32-5A-221, Code of Alabama (1975), which states:
“ ‘PEDESTRIANS UNDER INFLUENCE OF ALCOHOL OR DRUGS.
“ ‘A pedestrian who is under the influence of alcohol or any drug to a degree which renders himself a hazard shall not walk or be upon a highway.’
“The deceased was therefore contribu-torily negligent as a matter of law, under the evidence presented by her Administrator to the trial court.
“In addition to the above-quoted Code section which establishes statutory negligence on the part of the deceased, the common law imposes a duty on pedestrians to exercise reasonable care in crossing a public street or highway. Carr v. Irons, 288 Ala. 211, 259 So.2d 240 (1972). In the present case, the medical evidence established that the deceased was so intoxicated that she would have experienced an overall loss of coordination, including an impairment of her ability to walk without staggering. While in this condition, she walked or ran into the travelled portion of the highway and into the path of an oncoming vehicle. There is absolutely no explanation in the record as to why she was in the road, where she had no right to be in her intoxicated condition. ... In effect, the deceased walked, staggered or ran onto the trav-elled part of the highway, for no apparent reason, and directly into the path of an oncoming vehicle which had the legal right of way, and which she had a legal duty to observe. In view of all of the above, the trial court correctly concluded *370 from the evidence that the deceased’s negligence was a proximate contributing cause of her injuries.”
While, understandably, the above-quoted portion of defendant’s brief is in the language of an advocate, we agree that the facts therein stated are substantially verified by the record; and we agree with the trial court’s conclusion that plaintiff’s intestate was guilty of contributory negligence that proximately contributed to her death, as a matter of law. Wallace v. Doege, 484 So.2d 404 (Ala.1986).
We reach a different conclusion, however, with respect to the trial court’s ruling on the claim of wantonness. The trial court held that but for the contributory negligence of the plaintiff, which it found as a matter of law, the negligence claim should have been submitted to the jury. Likewise, we hold that the wantonness claim should have been submitted for the jury’s consideration. For a discussion of the difference in the nature and character of the two claims (negligence/wantonness issue), see Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc, [Ms. 85-268, March 13, 1987] (Ala.1987).
In so holding, we agree with defendant that rarely, if ever, is evidence of excessive speed (here 77 miles per hour), standing alone, evidence of wantonness. Crocker v. Lee, 261 Ala. 439, 74 So.2d 429 (1954). Each case must be tested individually and in light of all the surrounding circumstances. Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77 (1954). See, also, Burns v. Moore, 494 So.2d 4 (Ala.1986).
The definition of wantonness is aptly stated in Alabama Pattern Jury Instruction 29.00:
“Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury.”
In addition to the evidence recited in the above-quoted portion of defendant’s brief, the record also shows that the accident in question occurred on the Mobile Bay Causeway at about midnight when it was very dark and foggy. The decedent was in the right, eastbound lane when she was struck by the right front of the defendant’s car. Her body traveled over the top of the car, damaging the luggage rack on the trunk, and came to rest 260 feet from the point of impact. Skid marks, which in the opinion of the investigating officer were made by defendant’s car, were found at the scene, the right one being 64 feet in length and the left one being 36 feet, and running toward the right side of the road. (Because the diagram used by the officer at trial was not made a part of the record and the briefs of neither party speak to this point, it is unclear where the skid marks were with reference to the point of impact. The testimony does reflect, however, that one of the decedent’s shoes was found at the end of the right skid mark.) The investigating officer found the defendant and his car at a cafe “a considerable distance” from the scene of the accident. He described the damage to the car as “total.” The defendant explained to the officer that he did not know he had struck a human being and that he did not stop because he thought someone had thrown something onto the road at his car.
Defendant’s conduct in traveling on the causeway on a foggy night at more than 20 miles per hour above the speed limit, coupled with the totality of the circumstances enumerated above, is sufficient for submission of the wantonness claim to the jury. The jury could reasonably conclude from this evidence that the defendant, with reckless indifference to the consequences, consciously and intentionally drove his car at a highly excessive speed under hazardous conditions and, as a result, caused the injury and resultant death of plaintiff’s intestate. To exclude this factfinding preroga *371 tive from the jury by directing a verdict for the defendant on the wantonness claim was reversible error.
REVERSED AND REMANDED.
ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs in the result.
TORBERT, C.J., and MADDOX, J., dissent.