PER CURIAM.
The plaintiff appeals from a judgment on a verdict for the defendants in a personal injury action. The plaintiff argues that the trial court improperly directed a verdict on her wantonness claim, improperly sustained an objection to her closing argument, and improperly denied requested jury instructions.
Otis Porter, a Mobile police officer, struck Sue Henderson with his personal truck in the parking lot of a shopping mall. Henderson was employed as a security guard for the mall, and Porter was acting in the line and scope of his duty as a police officer at the time of the accident. Henderson, Porter, and other security personnel were in pursuit of a shoplifter who had fled the mall. Porter decided to drive his truck in an attempt to apprehend the shoplifter. The shoplifter and the other security personnel were running through the parking lot adjoining the mall. There were also other pedestrians present in the parking lot. Porter drove along a lane between two rows of parked cars. Porter testified that he was driving on the right side of the lane when Henderson ran between two cars. He said she continued running in the same direction as he was driving but veered from left to right into *250 the path of his truck. Other testimony contradicted Porter’s testimony that she ran out from between two parked cars. The evidence indicated that she was concentrating on the fugitive in front of her and did not look behind her to see if anything was coming, and Porter hit her from behind even though he had quickly applied his brakes. Henderson said she remembers only running into the parking lot and then rolling on the ground.
The speed limit for the parking lot was 15 m.p.h. Porter testified that when he struck Henderson he was traveling no faster than 10 m.p.h. There was other testimony suggesting that Porter was traveling between 20 and 30 m.p.h. before he applied his brakes.
Henderson brought her action against the Mobile Police Department, the City of Mobile, and Otis Porter, but the Mobile Police Department was dismissed by the trial court. Henderson’s claim against Porter was based on his alleged negligence and/or wantonness in driving his truck, while the City’s liability was predicated solely on the theory of respondeat superior. Porter and the City answered with a general denial and by asserting that Henderson was contributorily negligent.
At the end of Henderson’s case, the court directed a verdict for the City and Porter on the issue of wantonness. All other motions for directed verdicts were denied. The case went to the jury on the negligence and contributory negligence issues. The jury returned a verdict in favor of the City and Porter.
Henderson argues that the trial court erred in directing the verdict on the issue of whether Porter acted in a wanton manner. “[A] directed verdict is proper when the claimant has failed to present substantial evidence as to one or more elements of his cause of action.” Danford v. Arnold, 582 So.2d 545, 546 (Ala.1991). To substantiate her wantonness charge, Henderson needed to show “some degree of consciousness on the part of the defendant that injury is likely to result from his act or omission.” South Central Bell Tel. Co. v. Branum, 568 So.2d 795, 797 (Ala.1990). “In considering the question of the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence.” Bishop v. Poore, 475 So.2d 486, 487 (Ala.1985)..
The evidence most favorable to Henderson’s wantonness claim begins with the evidence that Porter was exceeding the speed limit in a vehicle that did not have a light or siren of the sort generally required for an emergency vehicle. He was driving in this manner even though he was aware that the parking lot was used by children and adults as a walkway. Furthermore, Porter knew that Henderson and others were in this parking lot pursuing the suspect on foot. In Snow v. Parrish, 505 So.2d 368 (Ala.1987), the trial court’s directed verdict on the wantonness issue was deemed reversible error where the defendant struck plaintiff while speeding on a foggy night, even though there was no evidence that the defendant was aware of the possibility that pedestrians were present. In Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716 (1967), the Court held that the trial court did not err in allowing a charge of wantonness to go to the jury where the defendant was speeding and had knowledge of the presence of the plaintiff’s car, which he struck. There was evidence that Porter acted in disregard of the possibility that he could cause injury, and that evidence, being "substantial” (see Ala.Code 1975, § 12-21-12), was sufficient to present a fact question for the jury on the issue of wantonness.
Because the trial court erred in directing a verdict on the wantonness count, the judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.